JOHN E. PEER - State Bar No. 95978
jpeer@wpdslaw.com
DOUGLAS A. GREER – State Bar No. 129987
dgreer@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:  (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff
A-ONE COMMERCIAL INSURANCE
RISK RETENTION GROUP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED CLEAN TRUCKS, INC.; FRANCISCO JESUS ARRIERAN, an individual; ALAIN MONTOYA ARBOLEDA, an individual; and MICHAEL HONG LE, an individual<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT** |

Comes now plaintiff A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC. ("A-ONE"), pursuant to Federal Rules of Civil Procedure Rule 57 and 28 U.S.C. § 2201, and alleges against defendants United Clean Trucks, Inc. ("UCT"); Francisco Jesus Arrieran ("Arrieran"); Alain Montoya Arboleda ("Arboleda"); and Michael Hong Le ("Le") as follows:

## JURISDICTION

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

1

778165.1

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because A-ONE'S insurance policy was issued in Wilmington, California and the claims at issue arose in this District.

3.      At all times relevant hereto, plaintiff A-ONE was and is a risk retention group organized under the federal Liability Risk Retention Act of 1986 ("LRRA"). A-ONE was organized under the laws of the State of Tennessee and has its principal place of business in Nashville, Tennessee.

4.      Defendant UTC was incorporated in California, and had or has its principal place of business in Wilmington, California. A-ONE is informed and believes and thereon alleges that defendant UTC has had its license to operate suspended by the California Franchise Tax Board.

5.      A-ONE is informed and believes and thereon alleges that defendant Arrieran is a resident of Orange County, CA and was Chief Executive Officer, Secretary, Chief Financial Officer, and Agent for Service of Process of UCT at the time of the accident here in issue.

6.      A-ONE is informed and believes and thereon alleges that defendant Arboleda is a California resident and was the driver of the motor vehicles involved in the claim here in issue.

7.      A-ONE is informed and believes and thereon alleges that defendant Le is a resident of Orange County, CA and was injured in the accident at issue in this matter while employed by Orbit International, Inc.  A-ONE includes Le as a defendant in this action to bind him to the Court's determination herein so as to preserve judicial resources and bar any further lawsuit against A-ONE that would seek to re-litigate the same issues addressed in this action.

8.      A-ONE is informed and believes and thereon alleges that at all relevant times hereto defendant UCT was the alter ego of defendant Arrieran, and there exists and at all times relevant hereto existed a unity of interest and ownership between UCT and Arrieran such that any separateness between them ceased to exist in that

Woolls Peer Dollinger & Scher

A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

2

defendant Arrieran completely controlled, dominated, managed and operated UCT to suit his convenience.

### **GENERAL ALLEGATIONS**

9.      On or about August 30, 2019, defendant Le sustained serious injuries to his hand while in the process of assisting Arboleda at the West Basin Container Terminal at the Port of Long Beach.

10.      Arboleda was an independent contractor hired by UCT to pick up a load of cargo at the Port. A-ONE is informed and believes and thereon alleges that defendant Arboleda drove his own tractor to the Port facility, where he picked up an extendable trailer chassis to carry the freight to be picked up. Arboleda apparently sought to extend the length of the trailer chassis from 40 to 45 feet and enlisted Orbit International truck driver defendant Le to assist in that extension. Unfortunately, defendant Le's hand became enmeshed during the trailer extension effort and his hand was seriously mangled.

11.      On July 27, 2020, Le sued driver Arboleda and UCT in Los Angeles County Superior Court (20STCV28278) alleging negligence, negligence per se, vicarious liability and negligent training.

12.      Plaintiff A-ONE issued Motor Carrier Liability Insurance Coverage policy A-ONE 2019-2295 to UCT covering the period from April 1, 2019 to April 1, 2020. The policy provides a $1,000,000 per accident limit for A-ONE's liability for 'bodily injury' arising from the use of a 'covered auto', which is limited by the policy symbol 67 to "Specifically Described Auto's".

13.      The policy includes "Scheduled Driver Endorsement" (form A1-AL-001 (11/17)), which provides A-ONE will not cover any loss in excess of the state minimum financial responsibility requirements that involves a driver not identified on the attached Driver Schedule. The only Scheduled Drivers on the A-ONE policy were Anidar Jimenez, Javier Antonio Sobalvarro, and Andres Abraham Rodriquez (who was added as a Backup Driver).

[CASE NO.:]
[COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT]

778165.1

Woolls Peer Dollinger **&** Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

14.     The policy also requires the insured UCT to give A-ONE prompt notice of any accident or loss and further requires the insured to: "Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'."

15.     A-ONE received first notice of the accident involving Le and Arboleda on or about September 6, 2019. Since that tender, A-ONE has repeatedly requested relevant information from UCT, but has been unsuccessful in obtaining UCT's assistance in the investigation and handling of the *Le* lawsuit, instead finding a complete absence of any cooperation from the insured.

16.     A-ONE is informed and believes and thereon alleges that neither the tractor Arboledo was driving at the time of the *Le* accident, nor the trailer Arboledo attempted to pick up at the Port were "Specifically Described 'Autos'" on A-ONE's policy, which are defined as:

> Only those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailers' you don't own while attached to any power unit described in Item Three).

17.     Item Three of the Declarations page of the A-ONE policy includes only two vehicles:

1. 2008 International Extra Heavy Truck Tractor, VIN # 2HSDCAHR39C078125; and

2. 2009 International Extra Heavy Truck Tractor, VIN # 2HSCEAHR78C652696.

A-ONE is informed and believes and on that basis alleges that neither vehicle identified in Item Three of the policy was involved in the *Le* accident.

18.     A-ONE is informed and believes and thereon alleges that Arboleda was not a scheduled driver on A-ONE's policy issued to UCT.

19.     A-ONE policy 2019-2295 also attaches mandatory forms MCS-90 and DMV-67, which require A-ONE to indemnify members of the public injured by the insured's negligent use, operation or maintenance of any vehicles used in the insured's

Woolls Peer Dollinger & Scher

A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

commercial transportation business whether the specific vehicles are covered by the insurance policy or not up to the minimum financial responsibility requirements. In this case, A-ONE is informed and believes and on that basis alleges that the potentially applicable minimum financial responsibility limit for the *Le* claims is $750,000. Pursuant to MCS-90, DMV-67 and relevant federal and state laws, A-ONE has a right to recoup any payment it is required to make because of the application of the MCS-90 and DMV-67 endorsements from defendants Arrieran and UCT.

## **FIRST CLAIM FOR RELIEF**

(Declaratory Relief Against All Defendants – No Duty to Defend)

20.    A-ONE incorporates the allegations in paragraphs 1 through 18 above.

21.    An actual controversy has arisen and now exists between A-ONE on the one hand and defendants on the other hand as to A-ONE's rights and obligations under the Policy. A-ONE is informed and believes and on that basis alleges that defendants contend the claims asserted in the *Le v. Arboleda; UTC, et al.* action ("Underlying Action") are covered or potentially covered by the A-ONE policy. A-ONE contends that because the vehicles involved in the *Le* accident were not "Specifically Described 'Autos'" in its policy, the provisions of policy 2019-2295 preclude any duty to defend Arboleda, Arrieran or UCT for any of the claims alleged in the Underlying Action.  A-ONE further believes that UCT's complete failure to cooperate in the investigation and defense of the Underlying action further precludes any obligation to defend or indemnify any party under the policy.

22.    A-ONE's reliance on these coverage defenses as a basis to establish non-coverage in this action is expressly made without prejudice to its right to rely on other policy terms, conditions and exclusions with respect to the claims raised in the Underlying Action.

23.    A-ONE seeks a declaration that it owes no defense obligations under the policy with respect to the Underlying Action.

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

5

**SECOND CLAIM FOR RELIEF**

(Declaratory Relief Against All Defendants – No Duty to Indemnify)

24.    A-ONE incorporates the allegations in paragraphs 1 to 22 above.

25.    An actual controversy has arisen and now exists between A-ONE on the one hand and defendants on the other hand as to A-ONE's rights and obligations to provide indemnification under the policy. A-ONE is informed and believes and on that basis alleges that defendants contend that the claims asserted in the Underlying Action are covered by the A-ONE policy. A-ONE contends that the claims alleged in the Underlying Action are outside the scope of coverage provided by the policy because the vehicles involved in the *Le* accident were not "Specifically Described 'Autos'" in its policy, and UCT's complete failure to cooperate in the investigation and defense of the Underlying action further precludes coverage under the policy.

26.    A-ONE further contends that any liability it may owe for the *Le* accident would be limited by the application of the Named Driver endorsement of the policy.

27.    A-ONE's reliance on these defenses as a basis to establish non-coverage in this action is expressly made without prejudice to its right to rely on other policy terms, conditions and exclusions with respect to the claims raised in the Underlying Action.

28.    A-ONE seeks a declaration that its policy creates no obligations to indemnify defendant Le under the policy with respect to the Underlying Action. A-ONE further seeks a declaration regarding the effect, if any, of the attachment of endorsements MCS-90 and DMV-67 on A-ONE's obligations, if any, to defendant Le.

**THIRD CAUSE OF ACTION FOR RECOUPMENT**

**RE INDEMNITY**

(Against Arboleda, Arrieran, and UCT)

29.    A-ONE incorporates the allegations in paragraph 1 to 27 above.

30.    If A-ONE pays any amounts in settlement on behalf of Arboleda, Arrieran or UCT or for a judgment against any of them in the Underlying Action

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

[CASE NO.:]
[COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT]

778165.1

based on the application of endorsements MCS-90 or DMV-67, A-ONE is entitled to recoup any such payments from its insureds by the specific terms of those endorsements, as well as federal and California law, including from Arrieran as Chief Executive Officer, Secretary and Chief Financial Officer of UCT.

31.    A-ONE seeks a declaration requiring Arboleda, Arrieran and UCT to reimburse A-ONE for any payments A-ONE is required to make in settlement or judgment for claims not covered by its policy.

## **PRAYER FOR RELIEF**

Wherefore, A-ONE prays for a judgment:

(1)    Declaring that A-ONE has no obligation under the policy to defend Arboleda, Arrieran or UCT in the Underlying Action;

(2)    Declaring that A-ONE has no obligation under the policy to indemnify defendant Le in the Underlying Action;

(3)    For a declaration that A-ONE is entitled to reimbursement from Arboleda, Arrieran and UCT for any payments or costs A-ONE is required to make in the Underlying Action pursuant to the MCS-90 or DMV-67 endorsements.

(5)    For an award of A-ONE's costs of suit;

(6)    For such additional relief as the Court deems just and proper.

DATED: October  5, 2020

Respectfully submitted,

WOOLLS PEER DOLLINGER & SCHER
A Professional Corporation


 /s/ John E. Peer
_____
JOHN E. PEER

Attorneys for Plaintiff
A-ONE  COMMERCIAL INSURANCE
RISK RETENTION GROUP, INC.

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

[CASE NO.:]
[COMPLAINT FOR DECLARATORY RELIEF AND RECOUPMENT]