WALT PENNINGTON, SBN 214470
wpennington@pennfirm.com
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
Telephone: 619 940 6157

Attorney for Michael Le, Defendant

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.<br><br>　　Plaintiff<br><br>vs.<br><br>UNITED CLEAN TRUCKS, INC. ET. AL.<br><br>　　Defendants | Case No.: 8:20-cv-01929-CJC(ADSx)<br><br>DEFENDANT MICHAEL LE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12 (B) (6)<br><br>Judge:　　　　　　Cormac J. Carney<br>Magistrate Judge:　Autumn D. Spaeth<br>Courtroom:　　　　9B<br><br>Hearing date:　　　February 8, 2021<br>Time:　　　　　　1:30 p.m.<br><br>Action Filed:　　　October 6, 2020 |

**ISSUES PRESENTED**

Defendant Michael Le's ("Le") motion to dismiss for failure to state a claim, under Rule 12 (b) (6) of the Federal Rules of Civil Procedure, raises two issues for this court. The first is whether Plaintiff A-One Commercial Insurance Risk Retention Group, Inc.'s declaratory judgment ask this court to enter an advisory opinion because there is no judgment in the underlying lawsuit and there are missing facts. The second is whether an insurer who issued an MCS-90 insurance policy endorsement to a motor carrier has a duty to indemnify, even if the insured does not cooperate and the involved vehicle is

not a listed vehicle.

The answers to both questions are yes. This Court should dismiss Plaintiff's complaint or Plaintiffs' second cause of action, the duty to indemnify.

## FACTS

Plaintiff A-One Commercial Insurance Risk Retention Group, Inc.'s ("A-One") is an insurer. A-One issues insurance policies to federal motor carriers. An insurance policy issued to a federal motor carrier must have a Federal Motor Carrier Safety Administration ("FMCSA") MCS-90 endorsement to protect the public. The FMCSA MCS-90 endorsement covers injured parties even when the motor carrier's vehicle was not listed on the insurance policy.

> the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability.

(Exhibit 1, Dec. of Walt Pennington ¶ 1, Request for Judicial Notice ¶¶ 1-3). A-One's complaint admitted that it issued an insurance policy with an MCS-90 endorsement to Defendant United Clean Trucks, Inc. ("UCT"). (ECF 1, ¶ 19[1]).

On August 30, 2019, Defendant Alain Montoya Arboleda ("Arboleda") drove Defendant UCT's truck to the West Basin Container Terminal ("WBCT") in San Pedro, California and crushed Defendant Michael Le's ("Le") right hand and caused doctors to amputate Le's middle finger.

Le unsuccessfully sought to resolve the claims for his 2019 injuries with UCT, Arboleda and A-One. UCT's director and shareholder is Defendant Francisco Jesus Arrieran. On July 27, 2020, Le filed a lawsuit in the Superior Court of California for

---

[1] Underlined items are linked to PACER or Lexis.

Page 2 of 8

Defendant Michael Le's Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12 (b) (6)

Los Angeles County, case number 20STCV28278, against Defendants UCT and Arboleda. (Exhibit 2).

The California Secretary of State suspended UCT because it failed to file its taxes. (ECF 1, ¶ 4). Le served Arboleda and UCT. Arboleda filed an answer. The Superior Court entered a default against UCT. Because of the default against UCT, Plaintiff A-One moved to intervene in the Superior Court case to provide a defense for its insured UCT. The Superior Court granted A-One's motion to intervene. (Exhibit 3, Dec. of Walt Pennington ¶ 2)

In the Superior Court, A-One admitted in discovery that "Defendant Arboleda was the driver for [UCT] at the Incident" and that "Defendant Arboleda acted within the scope of his duties at the Incident." (Exhibit 4, Responses 2 and 3; Dec. of Walt Pennington ¶ 3). In the Superior Court, Le propounded form interrogatory 20.2 to A-One. That interrogatory asked, "For each vehicle in the incident state [] the year, make mode, and license number." (Exhibit 5; Dec. of Walt Pennington ¶ 4}. A-One objected, but provided no information concerning which of UCT's vehicles were involved in the incident. (Exhibit 5, Dec. of Walt Pennington ¶ 4).

A-One filed this lawsuit on October 6, 2020. Defendant Le was served on December 18, 2020. On December 29, 2020, Le's counsel sent a meet and confer letter to A-One's counsel that listed Le's bases for this motion to dismiss and sought A-One's legal and factual justification for this declaratory action. (Exhibit 6, Dec. of Walt Pennington ¶ 5). The December 29, 2020 letter informed A-One that because it issued an MCS-90 endorsement A-One "agrees to pay . . . any final judgment recovered against the insured for public liability . . .*regardless of whether or not each motor vehicle is specifically described in the policy[.] . . . John Deere Ins. Co. v. Nueva*, 229 F.3d 853, 859 (9th Cir. 2000)." (Exhibit 6, Dec. of Walt Pennington ¶ 5).

Counsel exchanged emails and agreed to talk by phone at 10:00 a.m. on December 30, 2020. (Dec. of Walt Pennington ¶ 6).

Defendant Le's attorneys in the Superior Court case, Robert Pecora and Walt

Defendant Michael Le's Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12 (b) (6)

Pennington, called A-One's attorney, Douglass Greer, to discuss the December 29, 2020 letter and to learn A-One's legal basis for this declaratory judgment action. (Dec. of Walt Pennington ¶ 8). Le's counsels' hoped that A-One would supply the legal authority justifying this declaratory action to avoid filing this motion. (Dec. of Walt Pennington ¶ 11).

In the meet and confer letter and during the December 30, 2020 call, Le's counsel informed A-One's counsel that <u>John Deere Ins. Co. v. Nueva</u>, 229 F.3d 853 (9th Cir. 2000) governed Plaintiff's declaratory judgment action and that case held that there was a duty to defend and pay. Mr. Greer, A-One's attorney, cited the Illinois case of <u>McComb v. National Casualty Company</u>, 994 F.Supp.2d 918 (N.D. Ill. 2013) as justification for Plaintiff's declaratory this case because "there was a change in the law." (Dec. of Walt Pennington ¶ 10).

During the December 30, 2020 meet and confer call, A-One's attorney admitted that A-One had a duty to defend in the Superior Court case because of the policy. (Dec. of Walt Pennington ¶ 12). A-One's attorney admitted that A-One had a duty to pay up to the MCS-90 limit of $750,000. (Dec. of Walt Pennington ¶ 12). A-One's attorney said that A-One's dispute was over the $250,000, which was the amount above $750,000 to the policy limit of $1,000,000. (Dec. of Walt Pennington ¶ 13). Le's counsel asked A-One's counsel to dismiss the first cause of action related to the duty to defend and to amend the second cause of action to reflect that A-One agreed it must pay up to $750,000. (Dec. of Walt Pennington ¶ 14). A-One's counsel said that if Le would limit his claim in the Superior Court to $750,000, that this case could be resolved. (Dec. of Walt Pennington ¶ 15). Le refused. (Dec. of Walt Pennington ¶ 15). A-One did not amend its complaint. Defendant Le moves to dismiss Plaintiff's complaint.

On January 5, 2021, Plaintiff's counsel emailed to follow-up on the meet and confer call. (Exhibit 7).

## LEGAL DISCUSSION

In the meet and confer call, Plaintiff A-One's counsel admitted that it has a duty

to defend under the policy and to pay up to $750,000 (Dec. of Walt Pennington ¶ 12). Plaintiff's sole argument is that because its insured is not cooperating, it should not have to pay the amounts over $750,000 to the $1,000,000 policy limit.

### A. *John Deere* Demands Dismissal of Plaintiff's Complaint.

Plaintiff A-One sues for declaratory judgment on an insurance policy related to a federal motor carrier. In *John Deere Ins. Co. v. Nueva*, 229 F.3d 853 (9th Cir. 2000) the John Deere Insurance Company ("JDIC") filed a declaratory action for judgment that it had no duty to indemnify its motor carrier with an MCS-90 endorsement.

In *John Deere*, a tractor and trailer rear-ended a bus resulting in a total loss to the bus and injuries to the bus driver. *John Deere Ins. Co. v. Nueva*, 229 F.3d 853, 854 (9th Cir. 2000). The uninsured tractor was owned and driven by Gurmukh Garcha. (*Id.*) JDIC insured Sahota Trucking, the owner of the trailer. (*Id.*). Prior to the accident, Sahota Trucking sold the trailer, but title had not transferred because the all the purchase payments had not been made. (*Id.*). In *John Deere*, JDIC claimed it had no duty to indemnify because its insured, Sahota Trucking, was not the owner, even though title had not passed. (*Id.*).

The *John Deere* court held "It is well-established that the primary purpose of the MCS-90 is to assure that injured members of the public are able to obtain judgment from negligent authorized interstate carriers. . .. The Appellants in the instant case are injured members of the public, and thus are precisely the group meant to be protected by the MCS-90. (*Id.* at 857). Because John Deere claimed that Sahota Trucking was its insured, not the driver, the court reviewed which vehicles were insured, as a result of the MCS-90's purpose to protect the public. "The critical language in the endorsement is the provision which states that 'the insurer agrees to pay . . . any final judgment recovered against the insured for public liability . . . *regardless of whether or not each motor vehicle is specifically described in the policy*[.]' (emphasis added). This language indicates that whatever limitation a policy expresses regarding coverage extending only to 'covered' or 'specified' autos, this limitation ceases to operate when an injured

Defendant Michael Le's Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12 (b) (6)

member of the public seeks indemnification on behalf of the 'insured.'" (*Id*. at 859).

The court also reviewed JDIC's duty to defend and indemnify. In *John Deere*, the court held that the insurer could withdraw its defense if there was not duty to defend under the policy, but once a judgment was entered, the insurer would have to pay because of the MCS-90 endorsement. "The MCS-90 endorsement does not create a duty to defend claims which are not covered by the policy but only by the endorsement," and that the "reimbursement provision of the MCS-90 is inconsistent with implying a duty to defend." (*Id*. at 857).

Plaintiff A-One alleged that it knew about this accident on September 6, 2019. (ECF 1, ¶ 17). 13 months later, in Plaintiff's complaint it alleged that only two vehicles were listed on the policy and that it believed that neither of the listed vehicles was involved in the accident. (ECF 1, ¶ 17). Now 16 months after A-One knew of the accident and three months after A-One intervened in Superior Court in case 20STCV28278, A-One still does not know which vehicle was involved. A-One's contention is immaterial because the *John Deere* court held that other owned vehicles are covered, regardless of whether that vehicle is listed.

## B. Plaintiff's Cited Case, *McComb*, Demands Dismissal

Plaintiff A-One's counsel told Michael Le's counsel that it would rely on *McComb v. National Casualty Co.*, 994 F. Supp. 2d 918 (N.D. Ill. 2013) to oppose this motion. In *McComb,* the insurer filed a declaratory judgment action related to coverage. *McComb v. National Casualty Co.*, 994 F. Supp. 2d 918, 920 (N.D. Ill. 2013).

In Michael Le's meet and confer letter, Le's counsel told A-One's counsel that "The Complaint seeks an advisory opinion because your client does not allege that the motor vehicle was not one of the covered vehicles, only that you believe it was not one of the covered vehicles."

In *McComb*, like here, there was not a judgment in the underlying case. The Illinois court stated "There has been no judgment in the underlying lawsuit, which raises the question whether McComb's claim regarding the MCS-90 Endorsement is ripe. The

Page 6 of 8

Defendant Michael Le's Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12 (b) (6)

general rule is that it is premature to enter a declaratory judgment regarding indemnification before the insured is found liable in the underlying suit." (*Id.* at 921). If there is no controversy, and may never be a controversy, Plaintiff A-One asks this Court for an advisory opinion. "A declaration that A must indemnify B if X comes to pass has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant." (*Id.* at 921). Here, there is no judgment in the Superior Court, and Plaintiff A-One is now litigating in both this case and the Superior Court case. (Dec. of Walt Pennington ¶ 2).

Here, even though Plaintiff has had 15 months to find which vehicle was involved in the accident, it still does not know which vehicle was involved in the accident. (ECF 1, ¶ 15, Exhibit 5, Dec. of Walt Pennington ¶ 4).

Plaintiff relies on *McComb* for the proposition that only the named insured is covered. "But since *John Deere* and *Adams* were decided, the FMCSA has clarified that the endorsement only applies to the named insured" (*Id.* at 923).

Plaintiff's complaint alleged that two vehicles were listed on the policy (ECF 1, ¶ 17). In the Superior Court, Plaintiff did not respond when asked which vehicle was involved (Exhibit 5). Here, Plaintiff *believed* that neither of these listed vehicles was involved in the accident (ECF 1, ¶ 16). Plaintiff's belief in this case does not mean that those vehicles were not involved in the accident. Plaintiff makes no assertion concerning other vehicles that may be owned by UCT that were not listed. It is possible that another vehicle owned by UCT, but not listed on the policy, caused the accident. Since UCT is the insured, if UCT had another vehicle that was involved in the accident but was not listed on the policy it would still be covered under the MCS-90 endorsement pursuant to *John Deere* and *McComb*.

The only scenario where A-One may have a potential declaratory judgment action is if the tractor driven by Arboleda was not owned by UCT. In that scenario, A-One may have facts for a viable declaratory judgment action. Here, A-One is asking this Court to

Page 7 of 8

Defendant Michael Le's Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12 (b) (6)

decide an issue, before a judgment in the Superior Court on an issue that may later be moot. This Court and Defendant Michael Le should not spend their time addressing issues that Plaintiff A-One needs to fully investigate.

## CONCLUSION

Plaintiff asks this Court to enter an advisory opinion. This Court should dismiss or stay this case pending the outcome of the Superior Court case.

Respectfully submitted,

Date: January 8, 2021
/s/     Walt Pennington
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com
*Attorneys for Plaintiffs*