WALT PENNINGTON, SBN 214470
wpennington@pennfirm.com
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
Telephone: 619 940 6157

Attorney for Michael Le, Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.<br><br>Plaintiff<br><br>vs.<br><br>UNITED CLEAN TRUCKS, INC. ET. AL.<br><br>Defendants | Case No.: 8:20-cv-01929-CJC(ADSx)<br><br>DECLARATION OF WALT PENNINGTON<br><br>Judge:              Cormac J. Carney<br>Magistrate Judge: Autumn D. Spaeth<br>Courtroom:       9B<br><br>Hearing date:   February 8, 2021<br>Time:               1:30 p.m.<br><br>Action Filed:    October 6, 2020 |

I, Walt Pennington, declare in support of Defendant Michael Le's motion to dismiss for failure to state a claim that:

1. Exhibit 1 is a true and correct copy of the MCS-90 endorsement that I downloaded from the Federal Motor Carrier Safety Administration's website at https://www.fmcsa.dot.gov/sites/fmcsa.dot.gov/files/2020-10/MCS-90%2010-2-2020%20508.pdf.

2. The California Secretary of State suspended United Clean Trucks, Inc. ("UCT") authority to do business in the State of California or defend against lawsuits because UCT failed to file its tax returns. Plaintiff A-One Commercial Insurance Risk Retention Group, Inc ("A-One") moved to intervene and provide a defense on behalf of

1. UCT. The Superior Court granted UCT's motion to intervene. Exhibit 2 is a true and correct copy of the notice of ruling granting intervention and the tentative ruling grating intervention in case number 20STCV28278 in the Superior Court of California for Los Angeles County.

3. In case number 20STCV28278, Michael Le propounded requests for admission on intervenor A-One. In those requests for admission A-One admitted in discovery that "Defendant Arboleda was the driver for [UCT] at the Incident" and that "Defendant Arboleda acted within the scope of his duties at the Incident." Exhibit 3 is a true and correct copy of the responses to requests for admissions number 2 and 3 of A-One in the Superior Court of California for Los Angeles County, case number 20STCV 28278.

4. In case number 20STCV28278, Michael Le propounded form interrogatory 20.2 to A-One. That interrogatory asked, "For each vehicle in the incident state [] the year, make mode, and license number." A-One responded "Objection. This interrogatory is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence as no party in this action was driving a motor vehicle at the time of the incident giving rise to plaintiff's alleged injuries." Exhibit 4 is a true and correct copy of the response to interrogatory 20.2 of A-One in the Superior Court of California for Los Angeles County, case number 20STCV28278.

5. Exhibit 5 is a true and correct copy of the meet and confer letter that I sent to Douglass Greer and John Peer.

6. Douglass Greer and I agreed by email to talk by phone on December 30, 2020 at 10:00 a.m.

7. Robert Pecora and I represent Michael Le in his Superior Court case 20STCV28278.

8. Robert Pecora and I called Douglass Greer on December 30, 2020 at 10:00 a.m. to discuss the merits of Plaintiff A-One's case.

9. My December 29, 2020 letter identified the case of *John Deere Ins. Co. v. Nueva*, 229 F.3d 853 (9th Cir. 2000) as authority in this jurisdiction that held the insurer who issued an MCS-90 has a duty to defend and pay because the MCS-90 is to protect the public.

10. When asked for legal support, Mr. Greer cited one case, *McComb v. National Casualty Co.,* 994 F.Supp.2d 918 (N.D. Ill. 2013), and claimed "there was a change in the law."

11. It was my hope for the meeting that Mr. Greer would provide me with legal support for A-One's authority to bring this declaratory action.

12. Instead, during the call, Mr. Greer admitted that:
   a. the MCS-90 applied;
   b. A-One has a duty to defend;
   c. the MCS required A-One to pay up to $750,000 for Le's damages.

13. Mr. Greer said that his client's dispute was the difference between the $750,000 under the MCS-90 and the insurance policy limit of $1,000,000

14. I told Mr. Greer that since his client admitted that it had a duty to defend that his client should amend the complaint to dismiss the first cause of action. I also told him that since his client admitted that his client had a duty to pay up to $750,000, he should amend the second cause of action.

15. A-One's counsel, Mr. Greer, said that if Le would limit his claim in the Superior Court to $750,000, that this case could be resolved. Le's counsel refused.

16. A-One did not amend its complaint in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

Page 3 of 4
Declaration of Walt Pennington

17. Plaintiff Michael Le's motion to dismiss will be filed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 8, 2021

*[signature]*

Walt Pennington