WALT PENNINGTON, SBN 214470
wpennington@pennfirm.com
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
Telephone: 619 940 6157

Attorney for Michael Le, Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC. <br><br> Plaintiff <br><br> vs. <br><br> UNITED CLEAN TRUCKS, INC. ET. AL. <br><br> Defendants | Case No.: 8:20-cv-01929-CJC(ADSx) <br><br> EXHIBITS IN DEFENDANT MICHAEL LE'S MOTION TO DISMISS <br><br> Judge: Cormac J. Carney <br> Magistrate Judge: Autumn D. Spaeth <br> Courtroom: 9B <br><br> Hearing date: February 8, 2021 <br> Time: 1:30 p.m. <br><br> Action Filed: October 6, 2020 |

PENNINGTON LAW FIRM
3302 30TH STREET
SAN DIEGO, CA 92104-4535

## Table of Contents

Exhibit 1 - MCS-90 ................................................................................................................ 4

Exhibit 2 - Docket for Los Angeles Superior Court case number 20STCV28278 ................. 8

Exhibit 3 - Intervention of A-One Commercial Insurance Risk Retention Group, Inc. in 20STCV28278 ................ ................................................................................................................ ............... 14

Exhibit 4 - A-One's Responses to Requests for Admission ................................................. 20

Exhibit 5 - A-One's Answers to Form Interrogatories ....................................................... 26

Exhibit 6 - Defendant Le's Meet and Confer Letter .......................................................... 32

Exhibit 7 - Plaintiff's Email Reply to Meet and Confer ..................................................... 35

# Defendant's Exhibit 1

# February 8, 2021

| USDOT Number: _____ | Date Received: _____ |

Please note, the expiration date as stated on this form relates to the process for renewing the Information Collection Request for this form with the Office of Management and Budget. This requirement to collect information as requested on this form does not expire. For questions, please contact the Office of Registration and Safety Information, Registration, Licensing, and Insurance Division.

A Federal Agency may not conduct or sponsor, and a person is not required to respond to, nor shall a person be subject to a penalty for failure to comply with a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a current valid OMB Control Number. The OMB Control Number for this information collection is 2126-0008. Public reporting for this collection of information is estimated to be approximately 2 minutes per response, including the time for reviewing instructions, gathering the data needed, and completing and reviewing the collection of information. All responses to this collection of information are mandatory. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to: Information Collection Clearance Officer, Federal Motor Carrier Safety Administration, MC-RRA, Washington, D.C. 20590.



United States Department of Transportation
**Federal Motor Carrier Safety Administration**

## Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980

# FORM MCS-90

**Issued to** _____ **of** _____
                *(Motor Carrier name)*                                    *(Motor Carrier state or province)*

**Dated at** _____ **on this** _____ **day of** _____ **,** _____

**Amending Policy Number:** _____  **Effective Date:** _____

**Name of Insurance Company:** _____

**Countersigned by:** _____
                                          *(authorized company representative)*

The policy to which this endorsement is attached provides primary or excess insurance, as indicated for the limits shown *(check only one)*:

○ *This insurance is primary and the company shall not be liable for amounts in excess of $ _____ for each accident.*

○ *This insurance is excess and the company shall not be liable for amounts in excess of $ _____ for each accident in excess of the underlying limit of $ _____ for each accident.*

Whenever required by the Federal Motor Carrier Safety Administration (FMCSA), the company agrees to furnish the FMCSA a duplicate of said policy and all its endorsements. The company also agrees, upon telephone request by an authorized representative of the FMCSA, to verify that the policy is in force as of a particular date. The telephone number to call is: _____.

Cancellation of this endorsement may be effected by the company or the insured by giving (1) thirty-five (35) days notice in writing to the other party (said 35 days notice to commence from the date the notice is mailed, proof of mailing shall be sufficient proof of notice), and (2) if the insured is subject to the FMCSA's registration requirements under 49 U.S.C. 13901, by providing thirty (30) days notice to the FMCSA (said 30 days notice to commence from the date the notice is received by the FMCSA at its office in Washington, DC).

---

**Filings must be transmitted online via the Internet at http://www.fmcsa.dot.gov/urs.**

---

*(continued on next page)*

# DEFINITIONS AS USED IN THIS ENDORSEMENT

*Accident* includes continuous or repeated exposure to conditions or which results in bodily injury, property damage, or environmental damage which the insured neither expected nor intended.

*Motor Vehicle* means a land vehicle, machine, truck, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

*Bodily Injury* means injury to the body, sickness, or disease to any person, including death resulting from any of these.

*Property Damage* means damage to or loss of use of tangible property.

*Environmental Restoration* means restitution for the loss, damage, or destruction of natural resources arising out of the accidental discharge, dispersal, release or escape into or upon the land, atmosphere, watercourse, or body of water, of any commodity transported by a motor carrier. This shall include the cost of removal and the cost of necessary measures taken to minimize or mitigate damage to human health, the natural environment, fish, shellfish, and wildlife.

*Public Liability* means liability for bodily injury, property damage, and environmental restoration.

The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately to each accident and any payment under the policy because of anyone accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

*(continued on next page)*

## SCHEDULE OF LIMITS — PUBLIC LIABILITY

| Type of carriage | Commodity transported | January 1, 1985 |
|---|---|---|
| **(1)** For-hire (in interstate or foreign commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Property (nonhazardous) | $750,000 |
| **(2)** For-hire and Private (in interstate, foreign, or intrastate commerce, with a gross vehicle weight rating of 10,000 or more pounds). | Hazardous substances, as defined in 49 CFR 171.8, transported in cargo tanks, portable tanks, or hopper-type vehicles with capacities in excess of 3,500 water gallons; or in bulk Division 1.1, 1.2, and 1.3 materials, Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; in bulk Division 2.1 or 2.2; or highway route controlled quantities of a Class 7 material, as defined in 49 CFR 173.403. | $5,000,000 |
| **(3)** For-hire and Private (in interstate or foreign commerce, in any quantity; or in intrastate commerce, in bulk only; with a gross vehicle weight rating of 10,000 or more pounds). | Oil listed in 49 CFR 172.101; hazardous waste, hazardous materials, and hazardous substances defined in 49 CFR 171.8 and listed in 49 CFR 172.101, but not mentioned in (2) above or (4) below. | $1,000,000 |
| **(4)** For-hire and Private (In interstate or foreign commerce, with a gross vehicle weight rating of less than 10,000 pounds). | Any quantity of Division 1.1, 1.2, or 1.3 material; any quantity of a Division 2.3, Hazard Zone A, or Division 6.1, Packing Group I, Hazard Zone A material; or highway route controlled quantities of a Class 7 material as defined in 49 CFR 173.403. | $5,000,000 |

*The schedule of limits shown does not provide coverage. The limits shown in the schedule are for information purposes only.

# Defendant's Exhibit 3

# February 8, 2021

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  20STCV28278
MICHAEL LE VS ALAIN MONTOYA ARBOLEDA, ET AL.

**Filing Courthouse:**  Spring Street Courthouse

**Filing Date:** 07/27/2020
**Case Type:**  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**06/01/2021** at 08:30 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Hearing on Motion to Compel Discovery (not "Further Discovery")

**06/01/2021** at 08:30 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Hearing on Motion to Deem Request for Admissions Admitted

**01/10/2022** at 10:00 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Final Status Conference

**01/24/2022** at 08:30 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Non-Jury Trial

**07/24/2023** at 08:30 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Order to Show Cause Re: Dismissal

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP INC. - Non-Party

A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP INC. - Defendant in Intervention

ARBOLEDA ALAIN MONTOYA - Defendant

BERGSTEN ROBERT TROY ESQ. - Attorney for Defendant

LE MICHAEL - Plaintiff

PECORA ROBERT JOSEPH ESQ. - Attorney for Plaintiff

PENNINGTON WALTER ALLEN ESQ. - Attorney for Plaintiff

UNITED CLEAN TRUCKS INC. - Defendant

WILLIAMSBURG NATIONAL INSURANCE COMPANY - Non-Party

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**01/05/2021** Summons (on Complaint)

Filed by Alain Montoya Arboleda (Defendant); A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**01/05/2021** Cross-Complaint

Filed by Alain Montoya Arboleda (Defendant); A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**12/16/2020** Motion to Deem RFA's Admitted

Filed by Michael Le (Plaintiff)

**12/16/2020** Declaration (Declaration of Walt Pennington)

Filed by Michael Le (Plaintiff)

**12/15/2020** Declaration (Declaration of Walt Pennington)

Filed by Michael Le (Plaintiff)

**12/15/2020** Motion to Compel Discovery (not Further Discovery) - 1 moving party, 1 motion

Filed by Michael Le (Plaintiff)

**11/09/2020** Notice of Ruling

Filed by Michael Le (Plaintiff)

**11/06/2020** Certificate of Mailing for ((Hearing on Motion for Judgment on the Pleadings Related to De...) of 11/06/2020)

Filed by Clerk

**11/06/2020** Minute Order ( (Hearing on Motion for Judgment on the Pleadings Related to De...))

Filed by Clerk

**10/30/2020** Declaration (of Walt Pennington)

Filed by Michael Le (Plaintiff)

**10/30/2020** Reply (to Motion for Judgment on the Pleadings)

Filed by Michael Le (Plaintiff)

**10/26/2020** Opposition (to Motion on the Pleadings)

Filed by Alain Montoya Arboleda (Defendant)

**10/26/2020** Answer

Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**10/26/2020** Notice of Ruling

Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**10/23/2020** Minute Order ( (Hearing on Motion for Leave to Intervene On Behalf of United ...))

Filed by Clerk

**10/16/2020** Reply (to Opposition to Motion to Intervene in Action on Behalf of United Clean Trucks, Inc.)

Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Non-Party)

**10/09/2020** Memorandum of Points & Authorities

Filed by Michael Le (Plaintiff)

**10/09/2020** Declaration (of Walt Pennington)

Filed by Michael Le (Plaintiff)

**10/09/2020** Motion for Judgment on the Pleadings (Related to Defendant Arboleda's Affirmative Defenses listed in First Amended Answer)

Filed by Michael Le (Plaintiff)

**10/01/2020** Declaration (of Walt Pennington)
Filed by Michael Le (Plaintiff)

**10/01/2020** Opposition (to Intervenor A-One Commercial Insurance Risk Retention Group, Inc.s Motion To Intervene in Action on Behalf of United Clean Trucks, Inc.)
Filed by Michael Le (Plaintiff)

**09/29/2020** First Amended Answer To Complaint; Request for Jury Trial
Filed by Alain Montoya Arboleda (Defendant)

**09/22/2020** Proof of Personal Service
Filed by Michael Le (Plaintiff)

**09/22/2020** <mark>Request for Entry of Default / Judgment</mark>
Filed by Michael Le (Plaintiff)

**09/21/2020** <mark>Motion for Leave to Intervene (In Action On Behalf of United Clean Trucks, Inc., Filed by Proposed Intervenor A-One Commercial Insurance Risk Retention Group, Inc.)</mark>
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Non-Party)

**09/18/2020** Answer
Filed by Alain Montoya Arboleda (Defendant)

**08/10/2020** Certificate of Mailing for ([PI General Order], Standing Order re PI Procedures and Hearing Date)
Filed by Clerk

**08/10/2020** PI General Order
Filed by Clerk

**07/31/2020** Civil Case Cover Sheet
Filed by Michael Le (Plaintiff)

**07/31/2020** Civil Case Cover Sheet
Filed by Michael Le (Plaintiff)

**07/27/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**07/27/2020** Summons (on Complaint)
Filed by Michael Le (Plaintiff)

**07/27/2020** Complaint
Filed by Michael Le (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**11/06/2020** at 1:30 PM in Department 29, Kristin S. Escalante, Presiding
Hearing on Motion for Judgment on the Pleadings (Related to Defendant Arboleda's Affirmative Defenses, Filed by Plaintiff) - **Held**

**10/23/2020** at 08:30 AM in Department 29, Kristin S. Escalante, Presiding
Hearing on Motion for Leave to Intervene - **Not Held - Taken Off Calendar by Party**

**10/23/2020** at 08:30 AM in Department 29, Kristin S. Escalante, Presiding
<mark>Hearing on Motion for Leave to Intervene</mark> (On Behalf of United Clean Trucks, Inc. Filed by Proposed Intervenor A-One Commercial Insurance Risk Retention Group, Inc.) - <mark>Held - Motion Granted</mark>

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions (Listed in descending order)**

**01/05/2021** Cross-Complaint
Filed by Alain Montoya Arboleda (Defendant); A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**01/05/2021** Summons (on Complaint)
Filed by Alain Montoya Arboleda (Defendant); A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**12/16/2020** Motion to Deem RFA's Admitted
Filed by Michael Le (Plaintiff)

**12/16/2020** Declaration (Declaration of Walt Pennington)
Filed by Michael Le (Plaintiff)

**12/15/2020** Declaration (Declaration of Walt Pennington)
Filed by Michael Le (Plaintiff)

**12/15/2020** Motion to Compel Discovery (not Further Discovery) - 1 moving party, 1 motion
Filed by Michael Le (Plaintiff)

**11/09/2020** Notice of Ruling
Filed by Michael Le (Plaintiff)

**11/06/2020** at 1:30 PM in Department 29, Kristin S. Escalante, Presiding
Hearing on Motion for Judgment on the Pleadings (Related to Defendant Arboleda's Affirmative Defenses, Filed by Plaintiff) - **Held**

**11/06/2020** Minute Order ( (Hearing on Motion for Judgment on the Pleadings Related to De...))
Filed by Clerk

**11/06/2020** Certificate of Mailing for ((Hearing on Motion for Judgment on the Pleadings Related to De...) of 11/06/2020)
Filed by Clerk

**10/30/2020** Declaration (of Walt Pennington)
Filed by Michael Le (Plaintiff)

**10/30/2020** Reply (to Motion for Judgment on the Pleadings)
Filed by Michael Le (Plaintiff)

**10/26/2020** Opposition (to Motion on the Pleadings)
Filed by Alain Montoya Arboleda (Defendant)

**10/26/2020** Answer
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**10/26/2020** Notice of Ruling
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**10/23/2020** at 08:30 AM in Department 29, Kristin S. Escalante, Presiding
Hearing on Motion for Leave to Intervene (On Behalf of United Clean Trucks, Inc. Filed by Proposed Intervenor A-One Commercial Insurance Risk Retention Group, Inc.) - **Held - Motion Granted**

**10/23/2020** at 08:30 AM in Department 29, Kristin S. Escalante, Presiding
Hearing on Motion for Leave to Intervene - **Not Held - Taken Off Calendar by Party**

**10/23/2020** Minute Order ( (Hearing on Motion for Leave to Intervene On Behalf of United ...))
Filed by Clerk

**10/16/2020** Reply (to Opposition to Motion to Intervene in Action on Behalf of United Clean Trucks, Inc.)
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Non-Party)

**10/09/2020** Motion for Judgment on the Pleadings (Related to Defendant Arboleda's Affirmative Defenses listed in First Amended Answer)
Filed by Michael Le (Plaintiff)

**10/09/2020** Memorandum of Points & Authorities
Filed by Michael Le (Plaintiff)

**10/09/2020** Declaration (of Walt Pennington)
Filed by Michael Le (Plaintiff)

**10/01/2020** Declaration (of Walt Pennington)
Filed by Michael Le (Plaintiff)

**10/01/2020** Opposition (to Intervenor A-One Commercial Insurance Risk Retention Group, Inc.s Motion To Intervene in Action on Behalf of United Clean Trucks, Inc.)
Filed by Michael Le (Plaintiff)

**09/29/2020** First Amended Answer To Complaint; Request for Jury Trial
Filed by Alain Montoya Arboleda (Defendant)

**09/22/2020** Request for Entry of Default / Judgment
Filed by Michael Le (Plaintiff)

**09/22/2020** Proof of Personal Service
Filed by Michael Le (Plaintiff)

**09/21/2020** Motion for Leave to Intervene (In Action On Behalf of United Clean Trucks, Inc., Filed by Proposed Intervenor A-One Commercial Insurance Risk Retention Group, Inc.)
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Non-Party)

**09/18/2020** Answer
Filed by Alain Montoya Arboleda (Defendant)

**08/10/2020** Certificate of Mailing for ([PI General Order], Standing Order re PI Procedures and Hearing Date)
Filed by Clerk

**08/10/2020** PI General Order
Filed by Clerk

**07/31/2020** Civil Case Cover Sheet
Filed by Michael Le (Plaintiff)

**07/31/2020** Civil Case Cover Sheet
Filed by Michael Le (Plaintiff)

**07/27/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**07/27/2020** Complaint
Filed by Michael Le (Plaintiff)

**07/27/2020** Summons (on Complaint)
Filed by Michael Le (Plaintiff)

# Defendant's Exhibit 2

# February 8, 2021

Robert T. Bergsten, Esq. SBN 167129
HOSP, GILBERT & BERGSTEN
A Law Corporation
301 North Lake Avenue, Suite 410
Pasadena, CA 91101
(626) 792-2400
FAX:  (626) 356-9656

Attorneys for Defendant ALAIN MONTOYA ARBOLEDA and Intervenor A-ONE
COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL LE,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ALAIN MONTOYA ARBOLEDA,<br>UNITED CLEAN TRUCKS, INC.;<br>DOES 1 TO 20<br><br>                    Defendants. | CASE NO. 20STCV28278<br>Complaint Filed 7/27/20<br>TRIAL DATE 1/24/22<br>FSC DATE 1/10/22<br><br>ASSIGNED TO DEPARTMENT 29<br>HON. KRISTIN ESCALANTE<br><br>NOTICE OF RULING ON MOTION TO<br>INTERVENE<br><br>Date:   10/23/2020<br>Time:  8:30 a.m.<br>Dept.:  29 |

TO THE COURT, TO THE PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the motion of Intervenor, A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC. ("A-One Insurance"), for an order granting A-One Insurance leave to intervene in the above-entitled action on behalf of defendant UNITED CLEAN TRUCKS, INC. ("UCT") by the filing of an answer in intervention, for an order deeming said answer in intervention served and filed as of the date of the hearing on this motion, and for an order that the jury shall *not* be informed that Hosp, Gilbert & Bergsten represents the interests of A-One Insurance in this action, came on regularly for hearing on October 23, 2020, at 8:30 a.m., in Department 29 of the above-entitled court, the Honorable Kristin Escalante, Judge, presiding.  Appearances were as reflected in the Court's minute order.

ANSWER IN INTERVENTION OF A-ONE COMMERCIAL INSURANCE

The Court, having read the moving papers, issued its tentative ruling, which was to grant A-One Insurance's motion to intervene, deny without prejudice A-One Insurance's request for an order regarding how A-One Insurance will be referred to at trial, and order that A-One Insurance serve and file a new answer in intervention.  All parties submitted on the Court's tentative ruling without argument, and the Court accordingly adopted its tentative ruling as its final ruling, which is as follows:

1.     The Motion for Leave to Intervene on behalf of UCT filed by Proposed Intervenor A-One Insurance is GRANTED.

2.     The Court will not deem the answer filed.  A-One Insurance is ordered to file its answer in intervention forthwith.

3.     The court denies without prejudice A-One Insurance's request for an order regarding how A-One Insurance will be referred to at trial.

4.     A-One Insurance's counsel was ordered to give notice of ruling.

Dated:  October 26, 2020                    HOSP, GILBERT, & BERGSTEN
                                            A Law Corporation

                                            By___*Robert T. Bergsten*_____
                                                Robert T. Bergsten
                                                Marco Garcia Castillo
                                            Attorneys for Defendant ALAIN MONTOYA
                                            ARBOLEDA and Intervenor A-ONE
                                            COMMERCIAL INSURANCE RISK
                                            RETENTION GROUP, INC.

# PROOF OF SERVICE
## (Declaration)
### (CCP §§1013(a) and 2015.5)
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 301 North Lake Avenue, Pasadena, California 91101.

On October 26, 2020, I served the foregoing document described as  NOTICE OF RULING ON MOTION TO INTERVENE on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Walt Pennington, Esq.<br>Pennington Law Firm<br>33202 30th Street<br>San Diego, CA 92104-4535 | Attorneys for plaintiff Michael Le<br>(619) 940-61547<br>wpennington@pennfirm.com |
| Robert J. Pecora, Esq.<br>Pecora & Cline<br>7855 Ivanhoe Avenue, Suite 408<br>La Jolla, CA 92037 | Attorneys for plaintiff Michael Le<br>(858) 454-4014 FAX (858) 454-3458<br>robertjpecora@aol.com |

__XX__ (ONLY BY ELECTRONIC TRANSMISSION):  Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above during the Coronavirus (COVID-19) pandemic, this office acknowledges some offices will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

Executed on October 26, 2020, at Pasadena, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Malissa Murguia*
Malissa Murguia

LE V. ARBOLEDA
03031-219



ONLINE SERVICES

# Tentative Rulings

**DEPARTMENT 29 LAW AND MOTION RULINGS**

DEPARTMENT 2- LAW AND MOTION RULINGS IMPORTANT

Communicating with the Court Staff re the Tentative Ruling 1. Please notify the courtroom staff by email not later than 9:30 a.m. on the day of the hearing if you wish to submit on the tentative ruling rather than argue the motion. The email address is SSCDEPT29@lacourt.org. Please do not use any other email address. 2. You must include the other parties on the email by "cc." 3. Include the word "SUBMISSION" in all caps in the Subject line and include your name, contact information, the case number, and the party you represent in the body of the email. If you submit on the tentative and elect not to appear at the hearing, the opposing party may nevertheless appear at the hearing and argue the motions. THE COURT WILL HEAR ARGUMENT UNLESS BOTH SIDES SUBMIT ON THE TENTATIVE. 4. Include the words "SUBMISSION BUT WILL APPEAR" if you submit, but one or both parties will nevertheless appear. 5. For other communications with Court Staff a. OFF-CALENDAR should appear in all caps in the Subject line where all parties have agreed to have a matter placed off-calendar. All counsel should be cc'ed (and where appropriate parties not represented by counsel) and the body of the email should state: (a) name and case number; (b) date of proceeding. b. CASE SETTLED should appear in all caps in the Subject line where all parties have agreed that the case has settled for all purposes. All counsel should be cc'ed (and where appropriate parties not represented by counsel) and the body of the email should state: (a) name and case number; (b) whether notice of settlement/dismissal documents have been filed; (c) if (b) has not been done, a date one year from the date of your email which will be a date set by the court for an OSC for dismissal of the case. c. STIPULATION should appear in all caps in the Subject line where all parties have stipulated that a matter before the court can be postponed. All counsel should be cc'ed (and where appropriate parties not represented by counsel) and the body of the email should state: (a) name and case number; (b) what proceeding is agreed to be postponed e.g. Trial, FSC; (c) the agreed-upon future date; (d) whether all parties waive notice if

the Court informs all counsel/parties that the agreed-upon date is satisfactory. This communication should be used only for matters that are agreed to be postponed and not for orders shortening time. 6. PLEASE MAKE SURE THAT ALL COMMUNICATIONS WITH COURT STAFF DEAL ONLY WITH SCHEDULING AND ADMINISTRATIVE MATTERS AND DO NOT DISCUSS THE MERITS OF ANY CASE. (UPDATED 6/17/2020)

IMPORTANT: In light of the COVID-19 emergency, the Court encourages all parties to appear remotely. The capacity in the courtroom is extremely limited. The Court appreciates the cooperation of counsel and the litigants.

---

**Case Number:** 20STCV28278    **Hearing Date:** October 23, 2020    **Dept:** 29

Le v. Arboleda et al.


Motion for Leave to Intervene on behalf of United Clean Trucks, Inc. filed by Proposed Intervenor A-One Commercial Insurance Risk Retention Group is GRANTED. The Court will not deem the answer filed. A-One is ordered to file its answer in intervention forthwith.

Defendant United Clean Trucks, Inc. ("UCT") has been suspended by the California Secretary of State for nonpayment of franchise tax and thus is not permitted to defend itself in this action. (Palm Valley Homeowners Ass'n, Inc. v. Design MTC (2000) 85 Cal.App.4th 553, 556.) UCT's insurer A-One Commercial Insurance Risk Retention Group, Inc. ("A-One") seeks to intervene in this action in order to protect its own interests.

Intervention is proper where the intervenor shows an interest relating to the property or transaction which is the subject of the action and disposition of that action may as a practical matter impair or impede that person's ability to protect the interest. (Code Civil Procedure § 387, subd. (d)(1)(B).) Intervenor has an interest in this action because if the plaintiff obtains a judgment against the suspended defendant, plaintiff could bring an action directly against the insurer. (Ins. Code § 11580). Intervention is thus permitted to allow the insurer to protect its interests and to litigate fault or damage issues that its insured is procedurally barred from pursuing. (Western Heritage Ins. Co. v. Superior Court (2011) 199 Cal. App. 4th 1196, 1207-1208; Reliance Ins. Co. v. Superior Court (2000) 84 Cal. App. 4th 383, 385; Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc. (2006) 136 Cal.App.4th 212, 222.)

The court denies without prejudice A-One's request for an order regarding how A-One will be referred to at trial. The request is premature and should be made to the trial judge at the time motions in limine are heard.

Plaintiff's arguments regarding the sufficiency of the answer are not appropriately made in opposition to a motion to intervene. Any challenges to the pleading may be made within 30 days of notice of this order. (See Code Civil Procedure § 387, subd. (f).).

Moving party is ordered to give notice.

# Defendant's Exhibit 4

# February 8, 2021

1   Robert T. Bergsten, Esq., SBN 167129
    Marco Garcia Castillo Esq., SBN 308636
2   HOSP, GILBERT & BERGSTEN
    A Law Corporation
3   301 North Lake Avenue, Suite 410
    Pasadena, California 91101
4   (626) 792-2400
    Fax: (626) 356-9656
5

6   Attorneys for Attorneys for Defendant ALAIN MONTOYA ARBOLEDA and Intervenor
7   A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY LOS ANGELES

10

11  MICHAEL LE,                          CASE NO. 20STCV28278
                                         Complaint Filed 7/27/20
12          Plaintiff,                    TRIAL DATE 1/24/22
                                         FSC DATE    1/10/22
13     v.                                ASSIGNED TO DEPARTMENT 29
                                         HON. KRISTIN ESCALANTE
14  ALAIN MONTOYA ARBOLEDA,              INTERVENOR A-ONE COMMERCIAL
15  UNITED CLEAN TRUCKS, INC.;           INSURANCE RISK RETENTION GROUP,
    DOES 1 TO 20                         INC. ON BEHALF OF ITS INSURED
16                                       UNITED CLEAN TRUCKS, INC.'S
                                         RESPONSES TO PLAINTIFF'S REQUESTS
17          Defendants.                  FOR ADMISSIONS, SET ONE
18

19

20  PROPOUNDING PARTY:          Plaintiff MICHAEL LE

21  RESPONDING PARTY:           Intervenor A-ONE COMMERCIAL INSURANCE

22                              RISK RETENTION GROUP, INC ON BEHALF OF

23                              ITS INSURED UNITED CLEAN TRUCKS, INC.

24  SET NUMBER:                 ONE

25       Pursuant to *Code of Civil Procedure* § 2033.010, Intervenor A-ONE

26  COMMERCIAL INSURANCE RISK RETENTION GROUP, INC., on behalf of its

27  insured UNITED CLEAN TRUCKS, INC., hereby responds to Plaintiff's

28  Requests for Admissions, Set One, as follows:

                                      1

## RESPONSES TO REQUESTS FOR ADMISSIONS

Request No. 1:

    Admit liability.

Response to Request No. 1:

    Deny.

Request No. 2:

    Admit that Defendant Arboleda was the driver for United Clean Trucks, Inc. ("UCTI") at the Incident.

Response to Request No. 2:

    Objection. This request is burdensome, harassing and oppressive in that is overly broad as to meaning and/or scope. Without waiving this objection, intervenor responds based on information and belief as follows: Admit.

Request No. 3:

    Admit that Defendant Arboleda acted within the scope of his duties at the Incident.

Response to Request No. 3:

    Objection. This request is burdensome, harassing and oppressive in that is overly broad as to meaning and/or scope. Without waiving this objection, intervenor responds based on information and belief as follows: Admit.

Request No. 4:

    Admit that UCTI did not train Defendant Arboleda concerning the use of extendable chassis.

Response to Request No. 4:

    Objection. This request is burdensome, harassing and oppressive in that is overly broad as to meaning and/or scope. This request may seek

<u>Response to Request No. 16:</u>

Objection.  This request is premature as discovery is incomplete and continuing, and the denials and affirmative defenses in this responding defendant's answer are pled in order to preserve the rights of this responding defendant to avail itself of those affirmative defenses consistent with the facts as they unfold through the discovery process. This request violates the attorney work product doctrine in that seeks the thoughts, impressions and opinions of responding party's counsel. Without waiving these objections, intervenor responds as follows: Deny.

Dated:  December 17, 2020          HOSP, GILBERT & BERGSTEN
                                   A Law Corporation

                                   By:__*Marco Garcia Castillo*_____
                                         Robert T. Bergsten
                                         Marco Garcia Castillo
                                   Attorneys   for   Defendant   ALAIN
                                   ARBOLEDA MONTOYA and Intervenor
                                   A-ONE COMMERCIAL INSURANCE RISK
                                   RETENTION GROUP, INC.

VERIFICATION

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I have read the foregoing **RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE.**

I am a/an ___Don Ko, C.O.O._____ (title) of Intervenor <u>A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.</u> a party to this action, and authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge except as to those matters, which are stated, on information and belief, and as to those matters I believe them to be true.

Executed on ___Dec. 16th_____ 2020 in ___Los Angeles, CA_____ (City/State).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___Don Ko_____         ___*Don Ko*_____
(Name)                                 (Signature)

# PROOF OF SERVICE
## (Declaration)
## (CCP §§1013(a) and 2015.5)
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address is 301 North Lake Avenue, Pasadena, California 91101.

On December 17, 2020, I served the foregoing document described as **INTERVENOR A-ONE COMMERICIAL INSURANCE RISK RETENTION GROUP, INC., ON BEHALF OF ITS INSURED UNITED CLEAN TRUCKS, INC.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Walt Pennington, Esq.<br>Pennington Law Firm<br>33202 30th Street<br>San Diego, CA 92104-4535 | Attorneys for plaintiff Michael Le<br>(619) 940-61547<br>wpennington@pennfirm.com |
| Robert J. Pecora, Esq.<br>Pecora & Cline<br>7855 Ivanhoe Avenue, Suite 408<br>La Jolla, CA 92037 | Attorneys for plaintiff Michael Le<br>(858) 454-4014 FAX (858) 454-3458<br>robertjpecora@aol.com |

__XX__ (ONLY BY ELECTRONIC TRANSMISSION):  Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above during the Coronavirus (COVID-19) pandemic, this office acknowledges some offices will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

Executed on December 17, 2020, at Pasadena, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Debbie Barber*
Debbie Barber

LE V. ARBOLEDA
03031-219

# Defendant's Exhibit 5

# February 8, 2021

1  Robert Bergsten, SBN 167129
   HOSP, GILBERT & BERGSTEN
2  A Law Corporation
   301 North Lake Avenue, Suite 410
3  Pasadena, California 91101
   (626) 792-2400
4  Fax: (626) 356-9656

5

6  Attorneys for Attorneys for Defendant ALAIN MONTOYA ARBOLEDA and
   Intervenor A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY LOS ANGELES

10

11 MICHAEL LE,                         CASE NO. 20STCV28278
                                       Complaint Filed 7/27/20
12          Plaintiff,                 TRIAL DATE 1/24/22
                                       FSC DATE     1/10/22
                                       ASSIGNED TO DEPARTMENT 29
13    v.                               HON. KRISTIN ESCALANTE

14 ALAIN ARBOLEDA MONTOYA,             INTERVENOR  A-ONE  COMMERCIAL
   UNITED CLEAN TRUCKS, INC.;          INSURANCE RISK RETENTION GROUP,
15                                     INC. ON BEHALF OF ITS INSURED
   DOES 1 TO 20                        UNITED    CLEAN    TRUCKS,    INC.
16                                     RESPONSES  TO  PLAINTIFF'S  FORM
          Defendants.                  INTERROGATORIES, SET ONE
17

18

19

20 PROPOUNDING PARTY:       Plaintiff MICHAEL LE

21 RESPONDING PARTY:        Intervenor A-ONE COMMERCIAL INSURANCE

22                          RISK RETENTION GROUP, INC. ON BEHALF

23                          OF ITS INSURED UNITED CLEAN TRUCKS,

24                          INC.

   SET NUMBER:              ONE

25      Pursuant to *Code of Civil Procedure* §2033.010, Intervenor A-ONE

26 COMMERCIAL INSURANCE RISK RETENTION GROUP, INC. on behalf of its

27 insured UNITED TRUCKS, INC., hereby responds to Plaintiff's Form Interrogatories,

28 Set One, as follows:

                                    1

plaintiff's alleged injuries.

Form Interrogatory No. 20.2:

      For each vehicle involved in the INCIDENT, state:

(a)    the year, make model, and license number;

(b)    the name, ADDRESS, and telephone number of the driver;

(c)    the name, ADDRESS, and telephone number of each occupant other than the driver;

(d)    the name, ADDRESS, and telephone number of each registered owner;

(e)    the name, ADDRESS, and telephone number of each lessee;

(f)    the name, ADDRESS, and telephone number of each owner other than the registered owner or lien holder; and,

(g)    the name of each owner who gave permission or consent to the driver to operate the vehicle.

Response to Form Interrogatory No. 20.2:

      Objection. This interrogatory is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence as no party in this action was driving a motor vehicle at the time of the incident giving rise to plaintiff's alleged injuries.

Form Interrogatory No. 20.3:

    State the ADDRESS and location where your trip began and the ADDRESS and location of your destination.

Response to Form Interrogatory No. 20.3:

     Objection. This interrogatory is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence as no party in this action was driving a motor vehicle at the time of the incident giving rise to plaintiff's alleged injuries.

Form Interrogatory No. 20.4:

    Describe the route that you followed from the beginning of your trip to the location of the INCIDENT, and state the location of each stop, other than routine traffic stops, during the trip leading up to the incident.

Form Interrogatory No. 20.10:

Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the INCIDENT? If so:

    (a)    identify the vehicle;

    (b)    identify each malfunction or defect;

    (c)    state the name, ADDRESS, and telephone number each PERSON who is a witness to or has information about each malfunction or defect; and

    (d)    state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

Response to Form Interrogatory No. 20.10:

Objection. This interrogatory is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence as no party in this action was driving a motor vehicle at the time of the incident giving rise to plaintiff's alleged injuries.

Form Interrogatory No. 20.11:

State the name, ADDRESS, and telephone number each owner and each PERSON who has had possession since the INCIDENT of each vehicle involved in the INCIDENT.

Response to Form Interrogatory No. 20.11:

Objection. This interrogatory is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence as no party in this action was driving a motor vehicle at the time of the incident giving rise to plaintiff's alleged injuries.

Dated: December 17, 2020

                                HOSP, GILBERT & BERGSTEN
                                A Law Corporation

                                By:  *Marco Garcia Castillo*
                                      Robert T. Bergsten
                                      Marco Garcia Castillo
                                Attorneys for Defendant ALAIN ARBOLEDA MONTOYA and Intervenor A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.

VERIFICATION

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I have read the foregoing **RESPONSES TO PLAINTIFFS' FORM INTERROGATORIES, SET ONE.**

I am a/an __Don Ko, C.O.O._____ (title) of Intervenor A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC. a party to this action, and authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge except as to those matters, which are stated, on information and belief, and as to those matters I believe them to be true.

Executed on __Dec. 16th_____ 2020 in __Los Angeles, CA_____ (City/State).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__Don Ko_____                          _Don Ko_____
(Name)                                                    (Signature)

# PROOF OF SERVICE
## (Declaration)
### (CCP §§1013(a) and 2015.5)
### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 301 North Lake Avenue, Pasadena, California 91101.

On December 17, 2020, I served the foregoing document described as **INTERVENOR A-ONE COMMERICIAL INSURANCE RISK RETENTION GROUP, INC., ON BEHALF OF ITS INSURED UNITED CLEAN TRUCKS, INC.'S RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES, SET ONE** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| Walt Pennington, Esq.<br>Pennington Law Firm<br>33202 30th Street<br>San Diego, CA 92104-4535 | Attorneys for plaintiff Michael Le<br>(619) 940-61547<br>wpennington@pennfirm.com |
|---|---|
| Robert J. Pecora, Esq.<br>Pecora & Cline<br>7855 Ivanhoe Avenue, Suite 408<br>La Jolla, CA 92037 | Attorneys for plaintiff Michael Le<br>(858) 454-4014 FAX (858) 454-3458<br>robertjpecora@aol.com |

__XX__ (ONLY BY ELECTRONIC TRANSMISSION): Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above during the Coronavirus (COVID-19) pandemic, this office acknowledges some offices will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

Executed on December 17, 2020, at Pasadena, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Debbie Barber*
Debbie Barber

LE V. ARBOLEDA
03031-219

INTERVENOR A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC ON BEHALF OF ITS INSURED UNITED CLEAN TRUCKS, INC. RESPONSES TO PLAINTIFF'S FORM INTERROGATORIES, SET ONE

# Defendant's Exhibit 6

# February 8, 2021

PENNINGTON LAW FIRM
3302 30TH STREET
SAN DIEGO, CA 92104-4535
(619) 940-6157
PENNFIRM.COM

December 29, 2020

Via Email and USPS
peer@wpdslaw.com
dgreer@wpdslaw.com

John E. Peer
Douglass A. Greer
Woolls Peer Dollinger & Scher
624 South Grand Avenue
22nd Floor
Los Angeles, California 90017

Re:    A-One Commercial Insurance Risk Retention Group, Inc. vs. UCT, Inc., et. al.
8:20-cv-01929-CJC(ADSx)
Meet and Confer, LR 7-3

Dear Messrs. Peer and Greer:

I'm writing pursuant to Local Rule 7-3 of the Rules of the United States District Court for the Central District of California to meet prior to Defendant Michael Le filing a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12 (b) (6) in the above referenced case. My co-counsel, Robert Pecora, and I would like to meet with you by phone, as required by Rule 7-3, on December 30 or 31, 2020 at 10:00 a.m. or 2:00 p.m. If these days and times are not convenient, we would appreciate you proposing an alternate time.

The basis for our Defendant Michael Le's motion is:

1. Plaintiff A-One Commercial Insurance Risk Retention Group, Inc.'s ("A-One") does not dispute that United Clean Trucks, Inc.'s ("UCT") is a motor carrier.

2. Plaintiff A-One alleged that there was an MCS-90 endorsement. The Ninth Circuit held:

> The critical language in the endorsement is the provision which states that "the insurer agrees to pay . . . any final judgment recovered against the insured for public liability . . .*regardless of whether or not each motor vehicle is specifically described in the policy*[.]" (emphasis added). This language indicates that whatever limitation a policy expresses regarding coverage extending only to "covered" or "specified" autos, this limitation ceases to operate when an injured member of the public seeks indemnification    on    behalf    of    the    "insured."
> . . .
> In both cases, the MCS-90 negates the limitation that only users of "covered autos" are "insureds". Therefore, we conclude that under the policy before us, John Deere cannot avoid indemnifying Garcha and Blue Star by relying

on the policy's narrow definition of "insured" which attempts to limit that status to permissive users of solely "covered autos". *John Deere Ins. Co. v. Nueva*, 229 F.3d 853, 859 (9th Cir. 2000).

3. Plaintiff A-One's complaint failed to allege that it was prejudiced by UCT's and Arboleda's failure to cooperate. (CACI 2321).

4. A-One intervened in the ligation in case number 20STCV28278, so the cooperation of your client's insured is unneeded because A-One can put on its defense for the defendants.

5. The Complaint seeks an advisory opinion because your client does not allege that the motor vehicle was not one of the covered vehicles, only that you believe it was not one of the covered vehicles. Your client had 13 months before filing the complaint to investigate which vehicle was involved in the accident, and it took no action. In case number 20STCV28278, your client has not filed any subpoenas of records to determine which vehicle was involved. Your client's failure to look for proof is not a justification to ask the court for an advisory opinion.

Rutter's Insurance Litigation Guide states that the law is clear:

> [7:1188.23] Federal regulations: Federal regulations adopted by the Secretary of Transportation mandate that every liability insurance policy covering a "motor carrier" contain a "MCS-90 endorsement." It requires the insurer to pay any final judgment "recovered against the insured for public liability," as a result of the negligent operation of any vehicle, *regardless of whether the vehicle is specifically described in the policy and despite the insured's failure to comply with policy conditions.* [See 49 CFR §§387.7(a), 387.9, 387.15 (containing form endorsement); see also *John Deere Ins. Co. v. Nueva* (9th Cir. 2000) 229 F3d 853, 857—MCS-90 endorsement must be interpreted according to federal law]

> In effect, the endorsement shifts the risk of loss for accidents occurring in the course of interstate commerce away from the public by guaranteeing that an injured party will be compensated *even if the insurer has a valid defense* based on a condition in the policy. [*Global Hawk Ins. Co. v. Le* (2014) 225 CA4th 593, 605-606, 170 CR3d 403, 411-412 (citing text); see *Canal Ins. Co. v. Distribution Services, Inc.* (4th Cir. 2003) 320 F3d 488, 489; *Harco Nat'l Ins. Co. v. Bobac Trucking Inc.* (9th Cir. 1997) 107 F3d 733, 736]

Based on the case law from *John Deere,* federal regulations and the summary in the Rutter Guide, we cannot see a path for your client to assert its claim is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law. We look forward to discussing this motion with you.

Thank you for your time and assistance.

Sincerely,

Walt Pennington
wpennington@pennfirm.com

# Defendant's Exhibit 7

# February 8, 2021

---

## RE: 20-cv-01929 - A-One v. UCT - Meet and Confer - LR 7-3 [IWOV-IMDB1.FID140727]

**Douglas Greer** <dgreer@wpdslaw.com>           Tue, Jan 5, 2021 at 11:55 AM
To: Walt Pennington <wpennington@pennfirm.com>

Walt,

I have a couple of additional points I think may be important to consider in regard to the issues we discussed in our meet and confer conference in this matter last week.

First, as you will be standing in the shoes of the insured, the burden of proving coverage under the policy is on your client. In this instance, that means you have to prove that the truck involved in the incident was one of the scheduled vehicles on the policy. Otherwise, you are limited to the $750,000 available under the MCS-90 Endorsement. A-One has alleged that the truck was not a scheduled vehicle and the insurer does not have the burden of proof on that issue.

However, even if you could establish that the truck was a scheduled vehicle, the policy only provides coverage up to the state statutory minimum if the driver of the vehicle is not a scheduled driver on the policy. Mr. Arboleda is not listed in the schedule. The state minimum is set forth in California Vehicle Code § 34631.5(a)(2) calls for limits of $750,000 for operation of a vehicle weighing in excess of 10,000 pounds GVWR ($350,000 if the vehicle involved weighed under $10,000 DVWR and was not hauling bulk petroleum or hazardous material.)

It is therefore very unlikely that your proposed motion to dismiss will resolve this matter or that your client could obtain an award in excess of $750,00. Please give these points your full consideration before bringing a unnecessary motion to dismiss.

Best Regards,

*Douglas A. Greer*



A Professional Corporation

One Wilshire Building

624 South Grand Avenue, Flr 22

Los Angeles, California 90017

☎  (213) 629-8786

Cell:  (310) 508-6537

FAX  (213) 629-1660

dgreer@wpdslaw.com

**From:** Walt Pennington <wpennington@pennfirm.com>
**Sent:** Tuesday, December 29, 2020 8:13 AM
**To:** John E. Peer <jpeer@wpdslaw.com>; Douglas Greer <dgreer@wpdslaw.com>
**Subject:** 20-cv-01929 - A-One v. UCT - Meet and Confer - LR 7-3

Dear Douglass and John,

Attached please find my letter requesting to meet and confer by telephone on Wednesday, December 30 or Thursday, December 31, 2020 at 10 a.m. or 2 p.m. concerning the motion to dismiss that my client, Michael Le, will file in 20-cv-01929 - A-One Commercial Insurance Risk Retention Group v. UCT, Inc., et. al. My co-counsel, Robert Pecora, and I look forward to speaking with you.

Sincerely,
Walt Pennington
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
+1 619 940-6157
wpennington@pennfirm.com
http://www.pennfirm.com

Confidentiality Notice: This email is from a law firm and may contain confidential or privileged information protected by law. If it was not intended for you, please delete it, do not share it, and notify the sender.

# Defendant's Exhibit 8

# February 8, 2021

# Defendant's Exhibit 9

# February 8, 2021

# Defendant's Exhibit 10

# February 8, 2021

# Defendant's Exhibit 11

# February 8, 2021

# Defendant's Exhibit 12

# February 8, 2021

# Defendant's Exhibit 13

# February 8, 2021