WALT PENNINGTON, SBN 214470
wpennington@pennfirm.com
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
Telephone: 619 940 6157

Attorney for Michael Le, Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.<br><br>Plaintiff<br><br>vs.<br><br>UNITED CLEAN TRUCKS, INC. ET. AL.<br><br>Defendants | Case No.: 8:20-cv-01929-CJC(ADSx)<br><br>DECLARATION OF WALT PENNINGTON<br><br>Judge: Cormac J. Carney<br>Magistrate Judge: Autumn D. Spaeth<br>Courtroom: 9B<br><br>Hearing date: April 26, 2021<br>Time: 1:30 p.m.<br><br>Action Filed: October 6, 2020 |

I, Walt Pennington, declare in support of Defendant Michael Le's ("Le") motion to dismiss for failure to state a claim that:

1. On July 15, 2020, Le's attorneys made a demand to A-One Commercial Insurance Risk Retention Group, Inc.'s ("A-One") claims adjuster for the policy limit. That demand contained all of Le's medical records and bills, CalOSHA reports, police reports and other documentary evidence sufficient for A-One to resolve this case.

2. On July 27, 2020, Le filed suit against Arboleda and UCT in the Superior Court of California for Los Angeles County, case number 20STCV28278.

3. On September 4, 2020, Robert Pecora, an attorney for Le in the Superior Court case, sent a settlement demand to the attorneys for Arboleda and UCT demanding the policy limit.

4. On September 21, 2020, A-One moved to intervene in case number 20STCV28278.

5. On October 23, 2020 the Superior Court granted A-One's intervention motion.

6. On October 26, 2020, Le responded to Arboleda's form interrogatories, special interrogatories and document inspection requests in case number 20STCV28278. Le made few objections, and listed all Le's medical providers and a complete list of witnesses and persons with information as listed in the CalOSHA report and the Los Angeles Port Policy report.

7. I had regular calls and emails with A-One's attorney in case number 20STCV28278 after October 6, 2020 and A-One's attorney never informed Le's attorney that this declaratory judgment action was filed or asked me to accept service of process on behalf of Le. The first time that I learned of this lawsuit was when Michael Le told me that he had been served with the summons and complaint in this case.

8. On December 29, 2020, I emailed Douglas Greer and John Peer, attorneys for A-One. That email included a letter that outlined Le's basis for his motion to dismiss and requested a time to meet and confer concerning the litigation. On December 30, 2020, Robert Pecora and I asked Douglas Greer, attorney for A-One, to dismiss Michael Le. Mr. Greer told me that he had done many of these cases and that his client had the right to have this declaratory judgment action and that A-One would not dismiss Le.

9. On January 5, 2021, in case number 20STCV28278, A-One filed a cross-complaint for indemnity, declaratory relief, contributory negligence, strict products liability, negligence, products liability and breach of implied warranty against the West Basin Container Terminal in San Pedro California. In that case, A-One and Arboleda noted the deposition of Le for January 13, 2020.

Declaration of Walt Pennington

10. On January 6, 2021, in case number 20STCV28278, A-One offered the MCS-90 limit of $750,000.

11. **Exhibit 1** is a true and correct copy of the declaration of Le's physician stating that Le has terminal cancer and would live less than a year.

12. As part of A-One's settlement offer in case number 20STCV28278, A-One did not agree to dismiss this declaratory judgment case against Le.

13. As part of its settlement offer, A-One did not offer to enlarge the time for Le to file his motion to dismiss in this case, which was due on January 8, 2021.

14. On January 13, 2021, Le signed the release related to case number 20STCV28278.

15. **Exhibit 2** is a true and correct copy of my email to Le agreed to dismiss case number 20STCV28278 after Le received the full payment of the MCS-90 of $750,000. My email to A-One's attorney stated:

> Our agreement is not a replacement of the current litigation. Our agreement has a condition precedent that your client will deliver a payment that can be deposited into either Robert Pecora's or my client funds account with only the signatures of Michael Le and either Robert Pecora or me and that payment will be received prior to a judgment being entered.
>
> Until that payment is received, Plaintiff Le will not dismiss any action, take any matter off calendar or lessen his vigor related to this litigation.
>
> Plaintiff Le has a motion for discovery sanctions pending for March 2021 and that motion will move forward unless the payment is received.

16. A-One did not agree to dismiss this litigation.

17. On January 19, 2021, A-One's attorney called Le's attorney and asked Le to consent to A-One's dismissal in return for a waiver of costs.

18. **Exhibit 3** is a true and correct copy of my email of February 11, 2021 to Douglas Greer where my client offered:

> If by 5:00 p.m. on Friday, February 12, 2021, your client will agree pay my client $4,500 for attorney fees and costs in this case,

PENNINGTON LAW FIRM
3302 30TH STREET
SAN DIEGO, CA 92104-4535

> then my client will consent to your client's dismissal upon receipt of the money.

19. **Exhibit 4** is a true and correct copy of the USAO attorney's Fees Matrix ("Laffey Matrix") shows that a reasonable hourly rate for an attorney with more than 31 years of experience is $665.

20. **Exhibit 5** is a true and correct copy of the Office of Personnel Management salary schedule for Washington, D.C.

21. **Exhibit 6** is a true and correct copy of the Office of Personnel Management salary schedule for Los Angeles.

22. The rate in Los Angeles is 101.4% of the rate in Washington, D.C. Applying that rate differential to the Laffey Matrix hourly rate of $665, a reasonable hourly rate in Los Angeles is $674.

23. Plaintiff seeks attorney's fees and costs of $11,855.35 ($11,795 + costs of 60.35). I have more than 31 years of experience as an attorney. Plaintiff requests nine hours of attorney time for preparing the letter of December 29, 2020 asking A-One to dismiss its case, to meet and confer on December 30, 2020, to prepare the motion to dismiss, review the opposition and prepare a reply and to review the court's denial of the motion.

Plaintiff requests 2.0 hours to prepare the answer.

Plaintiff requests 6.5 hours to meet and confer concerning this motion, emails related to this motion and time to prepare this request for dismissal with prejudice and for attorney's fees and the supporting documents. The expenses are $60.35, which includes postage for the court's courtesy copies delivered to the court by noon the following day after filing.

24. It is my opinion that the total fee, the hourly rates and costs are reasonable for this motion.

/ / /

/ / /

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 5, 2021

*[signature]*

Walt Pennington