WALT PENNINGTON, SBN 214470
wpennington@pennfirm.com
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
Telephone: 619 940 6157

Attorney for Michael Le, Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.<br><br>Plaintiff<br><br>vs.<br><br>UNITED CLEAN TRUCKS, INC. ET. AL.<br><br>Defendants | Case No.: 8:20-cv-01929-CJC(ADSx)<br><br>EXHIBITS IN DEFENDANT MICHAEL LE'S OPPOSITION AND REQUEST FOR ATTORNEY'S FEES<br><br>Judge: Cormac J. Carney<br>Magistrate Judge: Autumn D. Spaeth<br>Courtroom: 9B<br><br>Hearing date: April 26, 2021<br>Time: 1:30 p.m.<br><br>Action Filed: October 6, 2020 |

Table of Contents

Exhibit 1 - Declaration of Van Thomas Nguyen ................................................................................. 4
Exhibit 2 - Email of January 19, 2021 - Settlement is Contingent on Payment ..................................... 7
Exhibit 3 - Email of February 11, 2021 to A-One's Attorney, Douglas Greer ....................................... 9
Exhibit 4 - USAO Attorney Matrix ..................................................................................................... 11
Exhibit 5 - OPM Salary Table-DCB ................................................................................................... 14
Exhibit 6 - OPM Salary Table-LA ...................................................................................................... 16

# Exhibit 1

Walt Pennington, SBN 214470
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
619 940 6157
wpennington@pennfirm.com

Robert J. Pecora, SBN 106167
Pecora & Cline
7855 Ivanhoe Avenue, Suite 408
La Jolla, California 92037
Telephone: (858) 454-4014
Facsimile (858) 454-3548

Attorneys for *Michael Le, Plaintiff*

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL LE,<br><br>    Plaintiff<br><br>v.<br><br>ALAIN MONTOYA ARBOLEDA,<br><br>UNITED CLEAN TRUCKS, INC.<br><br>AND<br><br>DOES 1-20.<br><br>    Defendants | Case No. 20STCV28278<br><br>DECLARATION OF VAN THOMAS NGUYEN, M.D.<br><br>Hearing Date: May 24, 2021<br>Time: 8:30 a.m.<br><br>Dept: 29<br>Judge: Kristin Escalante<br><br>Date Action Filed: July 27, 2020<br>Trial Date: January 24, 2022 |

I, Van Thomas Nguyen, M.D. declare that:

1. I am a medical doctor licensed by the State of California. My license number is A 142745.

2. I am board certified by the American Board of Internal Medicine in internal medicine, hematology and medical oncology.

3. I'm employed by Kaiser Permanente and have an office in Anaheim, California.

4. I am the treating doctor for Michael Hong Le's colon cancer. I have treated Michael Le for __10__ months.

5. Mr. Le has stage _4_ colon cancer.

6. Mr. Le's attorneys contacted me concerning my medical prognosis of Mr. Le's cancer. My prognosis is _about 12 months from the time that metastatic disease was found, which occurred in early 12/2020. However, if the metastatic colon cancer does not respond to chemo therapy, it could be shorter than that._

7. The hearing date of this motion is May 24, 2021. I've signed this declaration on the date below. Based on the information that I have as of this date, it is my medical opinion that Michael Le has between __3__ and __9__ number of months of life expectancy beyond May 24, 2021.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date: __12/29/2020__

_[signature]_

Van Thomas Nguyen, M.D.

Page 2 of 2
Declaration of Van Thomas Nguyen, M.D.

PENNINGTON LAW FIRM
3302 30TH STREET
SAN DIEGO, CA 92104-4535

# Exhibit 2

 Virus-free. www.avast.com

---

**Walt Pennington** <wpennington@pennfirm.com>  Tue, Jan 19, 2021 at 8:00 AM
To: Marco Garcia Castillo <mgarcia@hosplaw.com>
Cc: Robertjpecora <robertjpecora@aol.com>, "mmurguia@hosplaw.com" <mmurguia@hosplaw.com>

Hi Marco,

Our agreement is not a replacement of the current litigation. Our agreement has a condition precedent that your client will deliver a payment that can be deposited into either Robert Pecora's or my client funds account with only the signatures of Michael Le and either Robert Pecora or me and that payment will be received prior to a judgment being entered.

Until that payment is received, Plainitff Le will not dismiss any action, take any matter off calendar or lessen his vigor related to this litigation.

Plaintiff Le has a motion for discovery sanctions pending for March 2021 and that motion will move forward unless the payment is received.

Sincerely,
Walt Pennington
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
+1 619 940-6157
wpennington@pennfirm.com
http://www.pennfirm.com

Confidentiality Notice: This email is from a law firm and may contain confidential or privileged information protected by law. If it was not intended for you, please delete it, do not share it, and notify the sender.

# Exhibit 3

4/5/2021, Pennfirm.com Mail - 8:20-cv-01929-CJC-ADS A-One Commercial Insurance Risk Retention Group, Inc. v. United Clean Trucks, Inc. et al.

Case 8:20-cv-01929-CJC-ADS Document 49-2 Filed 04/05/21 Page 9 of 16 Page ID #:265

## 8:20-cv-01929-CJC-ADS A-One Commercial Insurance Risk Retention Group, Inc. v. United Clean Trucks, Inc. et al.

**Walt Pennington** <wpennington@pennfirm.com>     Thu, Feb 11, 2021 at 4:43 PM
To: Douglas Greer <dgreer@wpdslaw.com>

Hi Douglas,

If by 5:00 p.m. on Friday, February 12, 2021, your client will agree pay my client $4,500 for attorney fees and costs in this case, then my client will consent to your client's dismissal upon receipt of the money.

If your client does not want to pay the $4,500, then your client needs to move forward on its declaratory judgment.

Sincerely,
Walt Pennington
Pennington Law Firm
3302 30th Street
San Diego, CA 92104-4535
+1 619 940-6157
wpennington@pennfirm.com
http://www.pennfirm.com

Confidentiality Notice: This email is from a law firm and may contain confidential or privileged information protected by law. If it was not intended for you, please delete it, do not share it, and notify the sender.

[Quoted text hidden]

# Exhibit 4

# USAO ATTORNEY'S FEES MATRIX — 2015-2021

*Revised Methodology starting with 2015-2016 Year*

Years (Hourly Rate for June 1 – May 31, based on change in PPI-OL since January 2011)

| Experience | 2015-16 | 2016-17 | 2017-18 | 2018-19 | 2019-20 | 2020-21 |
|---|---|---|---|---|---|---|
| 31+ years | 568 | 581 | 602 | 613 | 637 | 665 |
| 21-30 years | 530 | 543 | 563 | 572 | 595 | 621 |
| 16-20 years | 504 | 516 | 536 | 544 | 566 | 591 |
| 11-15 years | 455 | 465 | 483 | 491 | 510 | 532 |
| 8-10 years | 386 | 395 | 410 | 417 | 433 | 452 |
| 6-7 years | 332 | 339 | 352 | 358 | 372 | 388 |
| 4-5 years | 325 | 332 | 346 | 351 | 365 | 380 |
| 2-3 years | 315 | 322 | 334 | 340 | 353 | 369 |
| Less than 2 years | 284 | 291 | 302 | 307 | 319 | 333 |
| Paralegals & Law Clerks | 154 | 157 | 164 | 166 | 173 | 180 |

*Explanatory Notes*

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts. The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act). The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases. The matrix does **not** apply to cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2. A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases. *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Consistent with that definition, the hourly rates in the above matrix were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index. The survey data comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics. The PPI-OL index is available at http://www.bls.gov/ppi. On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multi-screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers" and "product code" 541110541110 for "Offices of Lawyers." The average hourly rates from the 2011 survey data are multiplied by the PPI-OL index for May in the year of the update, divided by 176.6, which is the PPI-OL index for January 2011, the month of the survey data, and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

3. The PPI-OL index has been adopted as the inflator for hourly rates because it better reflects the mix of legal services that law firms collectively offer, as opposed to the legal services that typical consumers use, which is what the CPI-

Exhibits in Support of Michael Le's Opposition and Request for Attorney's Fees

Legal Services index measures.  Although it is a national index, and not a local one, *cf. Eley v. District of Columbia*, 793 F.3d 97, 102 (D.C. Cir. 2015) (noting criticism of national inflation index), the PPI-OL index has historically been generous relative to other possibly applicable inflation indexes, and so its use should minimize disputes about whether the inflator is sufficient.

4. The methodology used to compute the rates in this matrix replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), and then adjusted those rates based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington-Baltimore (DC-MD-VA-WV) area.  The USAO rates for years prior to and including 2014-15 remains the same as previously published on the USAO's public website.

5. The various "brackets" in the column headed "Experience" refer to the attorney's years of experience practicing law.  Normally, an attorney's experience will be calculated starting from the attorney's graduation from law school.  Thus, the "Less than 2 years" bracket is generally applicable to attorneys in their first and second years after graduation from law school, and the "2-3 years" bracket generally becomes applicable on the second anniversary of the attorney's graduation (*i.e.*, at the beginning of the third year following law school).  *See Laffey*, 572 F. Supp. at 371.  An adjustment may be necessary, however, if the attorney's admission to the bar was significantly delayed or the attorney did not otherwise follow a typical career progression.  *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60-61 (D.D.C. 2013) (same).  The various experience levels were selected by relying on the levels in the ALM Legal Intelligence 2011 survey data.  Although finer gradations in experience level might yield different estimates of market rates, it is important to have statistically sufficient sample sizes for each experience level.  The experience categories in the current USAO Matrix are based on statistically significant sample sizes for each experience level.

6. ALM Legal Intelligence's 2011 survey data does not include rates for paralegals and law clerks.  Unless and until reliable survey data about actual paralegal/law clerk rates in the D.C. metropolitan area become available, the USAO will compute the hourly rate for Paralegals & Law Clerks using the most recent historical rate from the USAO's former *Laffey* Matrix (*i.e.*, $150 for 2014-15) updated with the PPI-OL index.  The formula is $150 multiplied by the PPI-OL index for May in the year of the update, divided by 194.3 (the PPI-OL index for May 2014), and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

7. The attorney's fees matrices issued by the United States Attorney's Office are intended to facilitate the settlement of attorney's fees claims in actions in which the United States may be liable to pay attorney's fees to the prevailing party and the United States Attorney's Office is handling the matter.  The United States Attorney's Office is presently working to develop a revised rate schedule, based upon current, realized rates paid to attorneys handling complex federal litigation in the District of Columbia federal courts.  This effort is motivated in part by the D.C. Circuit's urging the development of "a reliable assessment of fees charged for complex federal litigation in the District."  *D.L. v. District of Columbia*, 924 F.3d 585, 595 (D.C. Cir. 2019).  This new matrix should address the issues identified by the majority in *D.L.*, but it is expected that it will be some time before a new matrix can be prepared.  In the interim, for matters in which a prevailing party agrees to payment pursuant to the matrices issued by the United States Attorney's Office, the United States Attorney's Office will not demand that a prevailing party offer the additional evidence that the law otherwise requires.  *See Eley*, 793 F.3d at 104 (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995)) (requiring "evidence that [the] 'requested rates are in line with those prevailing in the community for *similar services*'").

# Exhibit 5

**SALARY TABLE 2021-DCB**
**INCORPORATING THE 1% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 30.48%**
**FOR THE LOCALITY PAY AREA OF WASHINGTON-BALTIMORE-ARLINGTON, DC-MD-VA-WV-PA**
**TOTAL INCREASE: 1%**
**EFFECTIVE JANUARY 2021**

*Annual Rates by Grade and Step*

| Grade | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 25,754 | $ 26,618 | $ 27,474 | $ 28,326 | $ 29,182 | $ 29,683 | $ 30,530 | $ 31,383 | $ 31,417 | $ 32,216 |
| 2 | 28,959 | 29,648 | 30,607 | 31,417 | 31,771 | 32,705 | 33,639 | 34,573 | 35,508 | 36,442 |
| 3 | 31,597 | 32,650 | 33,703 | 34,756 | 35,809 | 36,862 | 37,915 | 38,968 | 40,021 | 41,074 |
| 4 | 35,470 | 36,652 | 37,834 | 39,016 | 40,198 | 41,380 | 42,563 | 43,745 | 44,927 | 46,109 |
| 5 | 39,684 | 41,007 | 42,330 | 43,653 | 44,976 | 46,300 | 47,623 | 48,946 | 50,269 | 51,592 |
| 6 | 44,237 | 45,711 | 47,185 | 48,660 | 50,134 | 51,609 | 53,083 | 54,558 | 56,032 | 57,506 |
| 7 | 49,157 | 50,796 | 52,435 | 54,074 | 55,712 | 57,351 | 58,990 | 60,629 | 62,268 | 63,906 |
| 8 | 54,440 | 56,255 | 58,070 | 59,885 | 61,700 | 63,515 | 65,330 | 67,145 | 68,960 | 70,775 |
| 9 | 60,129 | 62,133 | 64,137 | 66,142 | 68,146 | 70,150 | 72,154 | 74,158 | 76,162 | 78,167 |
| 10 | 66,216 | 68,424 | 70,631 | 72,839 | 75,047 | 77,255 | 79,462 | 81,670 | 83,878 | 86,085 |
| 11 | 72,750 | 75,176 | 77,602 | 80,027 | 82,453 | 84,879 | 87,304 | 89,730 | 92,155 | 94,581 |
| 12 | 87,198 | 90,106 | 93,013 | 95,920 | 98,827 | 101,734 | 104,641 | 107,548 | 110,455 | 113,362 |
| 13 | 103,690 | 107,146 | 110,603 | 114,059 | 117,516 | 120,972 | 124,428 | 127,885 | 131,341 | 134,798 |
| 14 | 122,530 | 126,614 | 130,698 | 134,782 | 138,866 | 142,950 | 147,034 | 151,118 | 155,202 | 159,286 |
| 15 | 144,128 | 148,932 | 153,737 | 158,541 | 163,345 | 168,150 | 172,500 * | 172,500 * | 172,500 * | 172,500 * |

\* Rate limited to the rate for level IV of the Executive Schedule (5 U.S.C. 5304 (g)(1)).

Applicable locations are shown on the 2021 Locality Pay Area Definitions page: http://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2021/locality-pay-area-definitions/

Exhibits in Support of Michael Le's Opposition and Request for Attorney's Fees

# Exhibit 6

# SALARY TABLE 2021-LA
## INCORPORATING THE 1% GENERAL SCHEDULE INCREASE AND A LOCALITY PAYMENT OF 32.41%
## FOR THE LOCALITY PAY AREA OF LOS ANGELES-LONG BEACH, CA
## TOTAL INCREASE: 1%
## EFFECTIVE JANUARY 2021

*Annual Rates by Grade and Step*

| Grade | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 26,135 | $ 27,012 | $ 27,880 | $ 28,745 | $ 29,613 | $ 30,122 | $ 30,981 | $ 31,847 | $ 31,882 | $ 32,692 |
| 2 | 29,387 | 30,086 | 31,059 | 31,882 | 32,241 | 33,189 | 34,137 | 35,085 | 36,033 | 36,981 |
| 3 | 32,064 | 33,133 | 34,202 | 35,270 | 36,339 | 37,407 | 38,476 | 39,544 | 40,613 | 41,681 |
| 4 | 35,994 | 37,194 | 38,394 | 39,593 | 40,793 | 41,993 | 43,192 | 44,392 | 45,591 | 46,791 |
| 5 | 40,271 | 41,614 | 42,956 | 44,299 | 45,642 | 46,984 | 48,327 | 49,670 | 51,012 | 52,355 |
| 6 | 44,891 | 46,387 | 47,883 | 49,380 | 50,876 | 52,372 | 53,868 | 55,365 | 56,861 | 58,357 |
| 7 | 49,884 | 51,547 | 53,210 | 54,873 | 56,536 | 58,199 | 59,863 | 61,526 | 63,189 | 64,852 |
| 8 | 55,245 | 57,087 | 58,929 | 60,771 | 62,613 | 64,455 | 66,296 | 68,138 | 69,980 | 71,822 |
| 9 | 61,019 | 63,052 | 65,086 | 67,120 | 69,154 | 71,188 | 73,221 | 75,255 | 77,289 | 79,323 |
| 10 | 67,195 | 69,436 | 71,676 | 73,917 | 76,157 | 78,397 | 80,638 | 82,878 | 85,118 | 87,359 |
| 11 | 73,827 | 76,288 | 78,750 | 81,211 | 83,673 | 86,134 | 88,596 | 91,057 | 93,519 | 95,980 |
| 12 | 88,488 | 91,438 | 94,388 | 97,339 | 100,289 | 103,239 | 106,189 | 109,139 | 112,089 | 115,039 |
| 13 | 105,224 | 108,731 | 112,239 | 115,746 | 119,254 | 122,761 | 126,269 | 129,776 | 133,284 | 136,791 |
| 14 | 124,342 | 128,487 | 132,631 | 136,776 | 140,920 | 145,064 | 149,209 | 153,353 | 157,498 | 161,642 |
| 15 | 146,260 | 151,135 | 156,011 | 160,886 | 165,761 | 170,637 | 172,500 * | 172,500 * | 172,500 * | 172,500 * |

\* Rate limited to the rate for level IV of the Executive Schedule (5 U.S.C. 5304 (g)(1)).

Applicable locations are shown on the 2021 Locality Pay Area Definitions page: http://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2021/locality-pay-area-definitions/

Exhibits in Support of Michael Le's Opposition and Request for Attorney's Fees