JOHN E. PEER - State Bar No. 95978
jpeer@wpdslaw.com
DOUGLAS R. GREER - State Bar No. 129987
dgreer@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:   (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for
A-ONE COMMERCIAL INSURANCE
RISK RETENTION GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED CLEAN TRUCKS, INC.; FRANCISCO JESUS ARRIERAN, an individual; ALAIN MONTOYA ARBOLEDA, an individual; and MICHAEL HONG LE, an individual, <br><br> Defendants. | Case No.: 8:20-cv-01929-CJC(ADSx) <br><br> Assigned to Judge, Cormac J. Carney; Magistrate Judge, Autumn D. Spaeth <br><br> **APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS FRANCISCO JESUS ARRIERAN AND UNITED CLEAN TRUCKS, INC; DECLARATION OF DOUGLAS A. GREER; DECLARATION OF WILLIAM H. GRACE, JR.** |

PLEASE TAKE NOTICE THAT on June 28, 2021, at 1:30 p.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at Courtroom 9B, 411 West Fourth Street, Santa Ana, CA 992701, plaintiff A-One Commercial Insurance Risk Retention Group, Inc. ("A-One") will present its application for default judgments against defendants United Clean Trucks, Inc. ("UCT")  and Francisco Jesus Arrieran ("Arrieran.")

/ / /

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

837504.1

(CASE NO.2:20-CV-01419-TLN-DB)

1  The clerk has previously entered the default of Defendants UCT and Arrieran

2  on December 22, 2020. [Doc. ## 29, 32.]

3  At the time and place of hearing, A-One will present proof of the following

4  matters:

5  1.  None of these defendants are minors or incompetent persons or in military

6  service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of

7  1940; and

8  2.  Said defendants have not appeared in this action;

9  3.  A-One is entitled to judgment declaring that it had no obligation under

10  Motor Carrier Liability Insurance Coverage policy A-ONE 2019-2295 issued to UCT

11  to defend or indemnify Arrieran or UCT in *Le v. Arboleda; UTC, et al.* Los Angeles

12  County Superior Court Case No. 20STCV28278 (the "Underlying Action.")

13  4.  A-ONE is entitled to reimbursement from Arrieran and UCT in the

14  amount of $750,000.00, the amount A-One paid to settle the Underlying Action,

15  pursuant to the MCS-90 and/or DMV-67 endorsements.

16  The above stated facts are set forth in the accompanying declarations

17  of Douglas A. Greer and William H. Grace, Jr., filed herewith.

18  DATED:  May 26, 2021                    WOOLLS PEER DOLLINGER & SCHER
                                            A Professional Corporation
19

20                                          /s/  Douglas A. Greer

21                                          JOHN E. PEER
                                            DOUGLAS A. GREER
22                                          Attorneys for Plaintiff
                                            A-One Commercial Insurance Risk
23                                          Retention Group, Inc.

24

25

26

27

28

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

2

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................ 1

II. THE DEFENDANTS ARE IN DEFAULT ............................................... 4

III. ENTRY OF DEFAULT JUDGMENTS IS APPROPRIATE ............................ 4

    A.  Entry of Default Judgment is Required as UCT is a Suspended
         Corporation ............................................................................... 4

    B.  The Criteria Set Forth by the Ninth Circuit in Eitel Favor Entry of
         Default Judgment Against UCT and Arrieran. ............................ 5

    C.  Default Judgment is Appropriate Under the Remaining Four
         Criteria Set Forth in Eitel. ............................................... 9

IV. CONCLUSION ......................................................................................... 12

Woolls Peer Dollinger & Scher

A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

i

(CASE NO.2:20-CV-01419-TLN-DB)

837504.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Angel v. Bullington,*
330 U.S. 183, 187 (1947)................................................................8

*Bourhis v. Lord,*
56 Cal. 4th 320, 324, (2013)..........................................................8

*Cripps v. Life Ins. Co. of N. Am.,*
980 F.2d 1261, 1267 (9th Cir.1992) ............................................10

*Danning v. Lavine,*
572 F.2d 1386, 1388 (9th Cir.1978) ............................................10

*Discovery Commc'n, Inc. v. Animal Planet,*
*Inc.,* 172 F.Supp.2d 1282, 1288 (C.D. Cal. 2001) ....................10

*Doe v. Oi,*
349 F.Supp.2d 1258, 1272 (N.D.Cal.2004.) ...............................10

*Eitel v. McCool,*
782 F.2d 1470, 1471–72 (9th Cir.1986) .........................9, 10, 12

*Geddes v. United Fin. Group,*
559 F.2d 557, 560 (9th Cir.1977)..........................................10, 13

*Grell v. Laci Le Beau Corp.,*
supra, 73 Cal. App. 4th 1300 .......................................................8

*H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,*
432 F.2d 689, 691 (D.C. Cir. 1970) ..............................................9

*PepsiCo, Inc. v. California Security Cans,*
238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002) ...............................10

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,*
507 U.S. 380 (1993)................................................................14, 15

*Reed v. Norman,*
48 Cal.2d 338, 342, (1957) ...........................................................8

*Vogel v. Rite Aid Corp.,*
992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) ..............................10

*Weinstock v. Sinatra,*
(C.D. Cal. 1974) 379 F. Supp. 274 ...............................................8

**Statutes**

Cal. Ins. Code §11580................................................................5, 11

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

ii

837504.1

1  Cal. Rev. & Tax. Code. § 23301...................................................................7

2  Civil 3d § 2688, at 63 (1998).....................................................................9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This action for declaratory relief arises out of an incident that occurred on or about August 30, 2019, when defendant Michael Hong Le ("Le") sustained serious injuries to his hand while in the process of assisting Alain Montoya Arboleda ("Arboleda")  at the West Basin Container Terminal at the Port of Long Beach.[1] [Doc # 1, Complaint, ¶ 9] (Declaration of William H. Grace, Jr. ("Grace Decl.") ¶ 4.)

Defendant UCT was trucking company and, at the time of the incident, had its principal place of business in Wilmington, California.  Arrieran was Chief Executive Officer, Secretary, Chief Financial Officer, and Agent for Service of Process of UCT at the time of the accident here in issue, and as alleged in the Complaint, UCT was the alter ego of Arrieran.  [Doc # 1, ¶¶ 4, 5, 8]

Arboleda was an independent contractor hired by UCT to pick up a load of cargo at the Port.  As alleged in the complaint in this action, Arboleda drove his own tractor to the Port facility, where he picked up an extendable trailer chassis to carry the freight to be picked up.  Arboleda apparently sought to extend the length of the trailer chassis from 40 to 45 feet and enlisted Le, another truck driver, to assist him. Unfortunately, defendant Le's hand became caught during the trailer extension effort and his hand was seriously injured. [Doc # 1, ¶10] (Grace Decl.,¶ 4.)

A-ONE issued Motor Carrier Liability Insurance Coverage policy A-ONE 2019-2295 to UCT covering the period from April 1, 2019 to April 1, 2020. The policy provides a $1,000,000 per accident limit for A-ONE's liability for 'bodily injury' arising from the use of a 'covered auto', which is limited by the policy symbol 67 to "Specifically Described Auto's." [Doc # 1, ¶12] (Grace Decl.,¶ 2)

Further, the A-One policy includes a "Scheduled Driver Endorsement", which

---

[1] Defendants Arboleda and Le have each been dismissed from this action.  [Doc ## 37, 51]

1

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

837504.1

provides A-ONE will not cover any loss in excess of the state minimum financial responsibility requirements that involves a driver not identified on the attached Driver Schedule. Arboleda was not a Scheduled Driver on the endorsement. [Doc # 1, ¶¶13, 18] (Grace Decl.,¶¶ 3, 8.)

As further alleged in the Complaint in this action, neither the tractor Arboleda was driving at the time of the *Le* accident, nor the trailer Arboleda attempted to pick up at the Port were "Specifically Described 'Autos'" on A-ONE's policy, which are defined as:

"Only those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailers' you don't own while attached to any power unit described in Item Three). [Doc # 1, ¶13] (Grace Decl.,¶ 3)

Item Three of the Declarations page of the A-ONE policy identifies two vehicles, 2008 International Extra Heavy Truck Tractor, VIN # 2HSDCAHR39C078125; and 2009 International Extra Heavy Truck Tractor, VIN # 2HSCEAHR78C652696. Neither of these vehicles were involved in the *Le* accident. A-ONE policy 2019-2295 also attaches mandatory forms MCS-90 and DMV-67, which require A-ONE to indemnify members of the public injured by the insured's negligent use, operation or maintenance of any vehicles used in the insured's commercial transportation business whether the specific vehicles are covered by the insurance policy or not up to the minimum financial responsibility requirements. Pursuant to MCS-90, DMV-67 and relevant federal and state laws, A-ONE has a right to recoup any payment it is required to make because of the application of the MCS-90 and DMV-67 endorsements from defendants Arrieran and UCT. [Doc # 1, ¶ 17]

The policy also required the UCT to give A-ONE prompt notice of any accident or loss and further requires the insured to: "Cooperate with us in the investigation or settlement of the claim or defense against the 'suit'." [Doc # 1, ¶ 14]

2

837504.1

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

A-ONE received first notice of the accident involving Le and Arboleda on or about September 6, 2019 from UCT's broker. However, after the claim was tendered, UCT ignored A-One's repeated requests for information and failed to cooperate in the investigation and handling of the Underlying Action. [Doc # 1, ¶ 15] (Grace Decl., ¶ 5.)

A-One agreed to defend Arboleda and appointed defense counsel filed an answer on his behalf on September 18, 2020. Exhibit 1 to the Declaration of Douglas A. Greer ("Greer Decl.") p. 3) A-One learned that UCT was a suspended Corporation and was legally unable to appear in the action to defend itself. A-One then moved to intervene in order to protect itself if Le, as a potential judgment creditor, were to bring a direct action against A-One pursuant to Cal. Ins. Code § 11580. (Exhibit 1 to Greer Decl, p. 3; Grace Decl., ¶ 7.) A-One then filed the present action on October 6, 2020, seeking declarations limiting its obligation to the indemnification of Le in the amount of $750,000, per the MCS-90 Form, and seeking recoupment of any amounts paid by A-One to defend or settle the *Le* action from UCT and its owner, Francisco Jesus Arrieran. [Doc # 1] (Grace Decl, ¶ 9.)

The Superior Court granted A-One's motion on October 23, 2020. (Exhibit 1 to Greer Decl, p. 2) A-One filed its Answer in Intervention on October 26, 2020. (*Id*.)

On January 13, 2021, the *Le* action settled. Le released all claims against Arboleda, UCT and A-One in return for payment by A-One in the amount of $750,000, the maximum amount payable under the MCS-90 form which was part of the A-One policy. (Grace Decl., ¶ 9; Exhibit 2 to Greer Decl.) Payment was issued to Le by A-One on January 21, 2021. (Grace Decl. ¶ 10; Exhibit A to Grace Decl.)

A-One now requests that the Court issue an Order declaring that A-One had no duty to defend or indemnify UCT or Arrieran under its policy and is entitled to recoupment from UCT and Arrieran for the costs it incurred in settling the Underlying Action as set forth in the MCS-90 form.

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

3

(CASE NO.2:20-CV-01419-TLN-DB)

## II.    THE DEFENDANTS ARE IN DEFAULT

Plaintiff filed its complaint in the present action on October 6, 2020.  [Docket No. 1.] Plaintiff served its summons and complaint on Defendant Francisco Jesus Arrieran on October 16, 2020, and filed the proof of service on October 26, 2020. [Docket No. 14.] Pursuant to Federal Rules of Civil Procedure, Rule 12 (A) defendants' answer was due on November 6, 2020.

Plaintiff served the summons and complaint on defendant United Clean Trucks, Inc. on November 9, 2020, as evidenced by the proof of service of summons on file with this Court. [Docket No. 16]  Pursuant to the Court's Order of  November 19, 2020, United Clean Truck, Inc.'s answer was due on December 10, 2020. [Docket No. 19.]

Neither Defendant Francisco Jesus Arrieran nor Defendant United Clean Trucks, Inc. have made an appearance in this action.  The defaults of defendants Arrieran and UCT were entered by the Clerk on December 22, 2020. [Doc. ## 29, 32.] (DAG Dec. ¶¶ 7, 8.)

Neither defendant (one is a suspended corporation) is a minor or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (DAG Dec. ¶ 9.)

## III.    ENTRY OF DEFAULT JUDGMENTS IS APPROPRIATE

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, A-One is entitled to a default judgment against defendants UCT and Arrieran.   As evidenced by the foregoing discussion regarding service and the Declaration of Douglas A. Greer filed concurrently with this application, defaults have been entered as to each of them.

### A.    Entry of Default Judgment is Required as UCT is a Suspended Corporation.

For purposes of diversity jurisdiction, a federal court is "'in effect, only another court of the State.'"  *Angel v. Bullington,* 330 U.S. 183, 187 (1947) (Citation omitted.)

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

A corporation whose powers have been suspended for nonpayment of the corporate franchise tax lacks capacity *to sue* in California courts; and, if sued, it lacks capacity *to defend*. Cal. Rev. & Tax. Code. § 23301; *Reed v. Norman,* 48 Cal.2d 338, 342, (1957); see *Bourhis v. Lord,* 56 Cal. 4th 320, 324, (2013).

Nevertheless, a suspended corporation may be *sued*, and a default judgment may be entered upon its failure to respond. A suspended corporation is not protected against a judgment by default upon its failure to answer within the time allowed. *Grell v. Laci Le Beau Corp.*, supra, 73 Cal. App. 4th 1300,1306,

As the District Court noted in *Weinstock v. Sinatra*, (C.D. Cal. 1974) 379 F. Supp. 274, "the admitted incapacity of Trinidad [the suspended corporation] 'to be sued' does not relate to its amenability to suit per se but rather to its inability to take any action, in court, in its defense, once suit has been commenced against it. Such an application does not create an insurmountable burden for Trinidad nor does it visit any injustice upon it. By the simple expediency of the procedures of California Revenue and Taxation Code section 23305 (footnote omitted) Trinidad can place itself in a position to defend the present action. Absent such revival of its corporate powers, however, Trinidad must suffer the consequences of its own act— *upon application of the plaintiff, the entry of a default judgment against it*. (Citations omitted.)" (Emphasis added.) *Id.,* at 277.

UCT's corporate status was suspended by the Franchise Tax Board. (Greer Decl., ¶ 13; Exhibit 4 to Greer Decl.)  It is therefore incapable of defending itself in a legal action.  It has not attempted to reinstate its corporate status and has failed to appear in this action.  Pursuant to California law, A-One is entitled to a default judgment against UCT.

**B.**    The Criteria Set Forth by the Ninth Circuit in Eitel Favor Entry of Default Judgment Against UCT and Arrieran.

The Ninth Circuit has directed that courts consider the following factors in

5

deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986)  These criteria favor the entry of default here.

(1)    *A-One Would be Severely Prejudiced by a Denial of its Application for Default Judgments.*

As the Court of Appeals stated in *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970), "default judgment must normally be viewed as available … when the adversary process has been halted because of an essentially unresponsive party. In that instance, *the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights*."  (Emphasis added.)   That is clearly what has taken place here, as the failure or refusal of defendants to participate in this action entirely precludes A-One from moving forward to obtain a coverage determination on the merits.

A-One incurred defense costs on behalf of defendants Arrieran and UCT in the Underlying Action, and paid $750,000.00 in the settlement of the action. (Grace Decl.,¶ 10; Exhibit A to Grace Decl.)   The MCS-90 and DMV-67 endorsements, which require payment up to that maximum amount for a claim that is not covered under the policy, entitles A-One to reimbursement from the insureds, Arrieran and UCT.  A-One would be severely prejudiced by a failure to enter default judgment as the defendants' refusal to participate in the judicial process would foreclose it from obtaining its statutory right to reimbursement.

(2)    *A-One's Complaint Sufficiently Pleads Causes of Action Against Defendants*

"The second and third *Eitel* factors "require that a plaintiff state a claim on

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

6

837504.1

1   which [it] may recover." *PepsiCo, Inc. v. California Security Cans,* 238 F.Supp.2d

2   1172, 1175 (C.D. Cal. 2002); see also *Discovery Commc'n, Inc. v. Animal Planet, Inc.,*

3   172 F.Supp.2d 1282, 1288 (C.D. Cal. 2001) ("The Ninth Circuit has suggested that the

4   [ ] two *Eitel* factor[s] involving the substantive merits of Plaintiff's claims and the

5   sufficiency of the complaint [ ] 'require that plaintiff's allegations state a claim on

6   which [it] may recover"), quoting *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th

7   Cir.1978)); see also *Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1007 (C.D. Cal.

8   2014).

9        Importantly, once a party's default has been entered, the factual allegations of

10   the complaint, except those concerning damages, are deemed to have been admitted

11   by the non-responding party. See Federal Rules of Civil Procedure, Rule 8(b)(6); see

12   also, e.g., *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir.1977) [stating the

13   general rule that "upon default[,] the factual allegations of the complaint, except those

14   relating to the amount of damages, will be taken as true"]. The court, however, must

15   still "consider whether the unchallenged facts constitute a legitimate cause of action,

16   since a party in default does not admit mere conclusions of law." 10A Charles Alan

17   Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 3d

18   § 2688, at 63 (1998) (footnote omitted); see also *Cripps v. Life Ins. Co. of N. Am.,* 980

19   F.2d 1261, 1267 (9th Cir.1992)

20        "[Although] the factual allegations of [the] complaint together with other

21   competent evidence submitted by the moving party are normally taken as true ... this

22   Court must still review the facts to insure that the Plaintiffs have properly stated

23   claims for relief"). *Doe v. Qi,* 349 F.Supp.2d 1258, 1272 (N.D.Cal.2004.)

24        A-One's complaint clearly pleads facts sufficient to sustain its causes of action.

25   A-ONE issued Motor Carrier Liability Insurance Coverage policy A-ONE 2019-2295

26   to UCT covering the period from April 1, 2019 to April 1, 2020. The policy provided

27   a $1,000,000 per accident limit for A-ONE's liability for 'bodily injury' arising from

28

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

7

(CASE NO.2:20-CV-01419-TLN-DB)

the use of a 'covered auto', which is limited by the policy symbol 67 to "Specifically Described Auto's." [Doc # 1, ¶ 12]

Further, the A-One policy includes a "Scheduled Driver Endorsement", which provides A-ONE will not cover any loss in excess of the state minimum financial responsibility requirements that involves a driver not identified on the attached Driver Schedule. [Doc # 1, ¶ 13 ] Arboleda was not a Scheduled Driver on the endorsement. [Doc # 1, ¶ 18] On or about August 30, 2019, defendant Le sustained serious injuries to his hand while in the process of assisting Arboleda at the West Basin Container Terminal at the Port of Long Beach.

Arboleda was an independent contractor hired by UCT to pick up a load of cargo at the Port. A-ONE is informed and believes and thereon alleges that defendant Arboleda drove his own tractor to the Port facility, where he picked up an extendable trailer chassis to carry the freight to be picked up. Arboleda apparently sought to extend the length of the trailer chassis from 40 to 45 feet and enlisted Orbit International truck driver defendant Le to assist in that extension. Unfortunately, defendant Le's hand became enmeshed during the trailer extension effort and his hand was seriously mangled. [Doc # 1, ¶ 10] (Grace Decl. ¶ 4.)

Importantly, the policy only provides liability coverage for damages" resulting from the ownership, maintenance or use of a covered "auto." [Doc #1, p. 5,  ¶ 14; Ex. A, p. 48 of 128.]

 As further alleged in the Complaint in this action, neither the tractor Arboleda was driving at the time of the *Le* accident, nor the trailer Arboleda attempted to pick up at the Port were "Specifically Described 'Autos'" on A-ONE's policy. [Doc # 1, Complaint, ¶ 12] (Grace Decl.,¶ 2)

Arboleda was not a Scheduled Driver on the endorsement. [Doc # 1, ¶ 18] (Grace Decl.,¶¶  8.)

/ / /

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

8

1   A-One agreed to defend Arboleda and appointed defense counsel filed an

2   answer on his behalf on September 18, 2020. Exhibit 1 to the Declaration of Douglas

3   A. Greer ("Greer Decl.") p. 3; Grace Decl.,¶ 7.)

4       A-One learned that UCT was a suspended Corporation and was legally unable

5   to appear in the action to defend itself.  A-One then moved to intervene in order to

6   protect itself if Le, as a potential judgment creditor, were to bring a direct action

7   against A-One pursuant to Cal. Ins. Code §11580 (Exhibit 1 to Greer Decl, p. 3;

8   (Grace Decl.,¶ 7.)

9       On January 13, 2021, the *Le* action settled. Le released all claims against

10   Arboleda, UCT and A-One in return for payment by A-One in the amount of

11   $750,000, the maximum amount payable under the MCS-90 form which was part of

12   the A-One policy. (Grace Decl.,¶ 9; Exhibit 2 to Greer Decl.)

13       Pursuant to MCS-90, DMV-67 and relevant federal and state laws, A-ONE has

14   a right to recoup any payment it is required to make because of the application of the

15   MCS-90 and DMV-67 endorsements from defendants Arrieran and UCT. [Doc # 1, ¶

16   19]

17       Based on these facts and evidence, which are deemed to be true following the

18   entry of default, there are clearly sufficient factual allegations and evidence to support

19   these causes of action and the Court should grant A-One's application for entry of

20   default judgment.

21       C.   Default Judgment is Appropriate Under the Remaining Four Criteria Set

22            Forth in *Eitel.*

23       The final four criteria for consideration under *Eitel* are (4) the sum of money at

24   stake in the action; (5) the possibility of a dispute concerning the material facts; (6)

25   whether defendant's default was the product of excusable neglect, and (7) the strong

26   public policy favoring decisions on the merits.

27   / / /

28

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

9

*The Sum of Money Involved*

The sum of money involved, $750,000.00 is the amount incurred in A-One's settlement of Le's claims in the Underlying Action. (Grace Decl. ¶¶ 9, 10)  As set forth in the MCS-90 form, it is also the maximum amount required to be paid under a policy of motor carrier liability insurance when the claim is not covered under the policy. (Grace Decl.,¶ 9.) Reimbursement of the amounts incurred in indemnification of an uncovered claim is expressly authorized in the MCS-90 form which is required by statute to be part of  the  Motor Carrier Liability Policy.  [Doc # 1, ¶19]  It was clearly paid by A-One and A-One is clearly entitled to recoup it from the insured. (Exhibit A to Grace Decl.)

*The Possibility of a Factual Dispute*

While there is always a *possibility* of a dispute concerning the material facts of a case, defendants had ample opportunity to raise such a dispute if they believed they had a meritorious argument. UCT and Arrieran were fully aware of the present action as of approximately October 16, 2020,  and could have appeared if they believed A-One was incorrect.   Although UCT remains a suspended corporation, nothing prevented its owner from appearing and contesting A-One's position.

As a practical matter, a default judgment could never be entered if the mere possibility that a defaulted defendant might later come up with a factual dispute were enough to preclude its entry. Further, as a suspended corporation, UCT cannot move for relief, or appeal a judgment.  *Matter of Christian & Porter Aluminum Co.,* 584 F.2d 326, 331 (9th Cir. 1978)  Further, this criteria must be tempered by the general rule, stated above, that once default is entered by the Clerk, "*the factual allegations of the complaint will be taken as true*."  *Geddes v. United Fin. Group, supra,* 559 F.2d at 560.  The allegations of the complaint, "taken as true," and the evidence presented with this motion, establish that the tractor and trailer involved in the August 30, 2019, incident were not insured vehicles under the A-One policy and there is no dispute over

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

837504.1

(CASE NO.2:20-CV-01419-TLN-DB)

a material fact.

*Excusable Neglect*

Finally, the complete failure to respond to a complaint cannot be attributed to "excusable neglect." In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993), the United States Supreme Court considered the meaning of "neglect" in the context of an attorney failing to timely answer a complaint in an action he had removed to federal court. The Supreme Court held that "neglect" has its ordinary expected meaning, which includes negligence, carelessness, and inadvertent mistake, stating that Congress intended that "the courts would be permitted where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the parties control. *Id.* at 388. The Supreme Court explained that, "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." (Footnote omitted.) *Id.* at 394.

The Supreme Court proposed an equitable analysis, which would take into account all relevant circumstances surrounding the party's omission. *Id.* at 395. The Court stated that such an analysis should include the following factors: (1) the danger of prejudice to the opposing party; (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;"[3] and (4) "whether the movant acted in good faith." *Id.*

Taking these points *ad seriatim*, the prejudice to A-One is clear. The point of this action was to obtain a declaration of A-One's rights and obligations under its policy regarding the defense and indemnity of this claim. This case was filed on October 6, 2020, and A-One has been unable to even proceed with discovery as Defendants have totally ignored the action. The "delay" was totally in the control of

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

11

the defendants.

This is not a situation as in *Pioneer,* where a willing litigant in a proceeding failed to comply with a rule of court, or missed a deadline. Rather, defendants have willfully ignored the action altogether. The reason for the delay is entirely under their control.

Further, it is hard to imagine how a party would be acting in "good faith" by totally ignoring a lawsuit. The complete failure to respond to a complaint cannot be "excusable neglect." And of course, there could never be a default judgment entered for failure to answer a complaint if such a refusal to participate in the legal system can be written off as "excusable neglect."

*Public Policy*

Lastly, while there is rightly a strong public policy in favor of deciding an action on its merits, denying default in this case would not serve that policy. By their conduct, defendants have refused to allow the case to go forward on its merits. A-One has no ability to pursue its case without their participation. This is, therefore, the classic situation that demands the entry of a default judgment.

## IV.   **CONCLUSION**

For the reasons set forth above and in the Declaration of Douglas A. Greer and Declaration of William H. Grace, Jr., filed herewith, Plaintiff A-One Commercial Insurance Risk Retention Group, Inc, respectfully requests that the Court enter Judgment in its favor as follows:

(1)   Declaring that A-ONE had no obligation under the policy to defend Arboleda, Arrieran or UCT in the Underlying Action;

(2)   Declaring that A-ONE had and has no obligation under the policy to indemnify defendant Le in the Underlying Action;

/ / /

/ / /

837504.1

(3)    For a declaration that A-ONE is entitled to reimbursement from UCT and Arrieran in the amount of $750,000.00 for the payment A-One made in settlement of the Underlying Action pursuant to the MCS-90 or DMV-67 endorsements.

(5)    For an award of A-ONE's costs of suit;

(6)    For such additional relief as the Court deems just and proper.

DATED:  June 2, 2021                    WOOLLS PEER DOLLINGER & SCHER
                                        A Professional Corporation


                                        /s/  Douglas A. Greer
                                        _____
                                        JOHN E. PEER
                                        DOUGLAS A. GREER
                                        Attorneys for Plaintiff
                                        A-One Commercial Insurance Risk
                                        Retention Group, Inc.

13

837504.1

1

## DECLARATION OF DOUGLAS A. GREER

2      1.      I am an attorney licensed to practice in the State of California and am

3   special counsel to Woolls Peer Dollinger & Scher, APC., counsel of record for

4   Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") in the present

5   action. I have personal knowledge of the matters stated herein and if called upon to

6   testify as a witness, I would and could competently testify thereto.

7      2.      I make this declaration in support of A-One's Application for Default

8   Judgments as to defendants Francisco Jesus Arrieran and United Clean Trucks, Inc.

9      3.      Plaintiff filed its complaint in the present action on October 6, 2020.

10  [Docket No. 1.]

11     4.      Plaintiff served its summons and complaint on Defendant Francisco Jesus

12  Arrieran on October 16, 2020, and filed the proof of service on October 26, 2020.

13  [Docket No. 14.] Pursuant to Federal Rules of Civil Procedure, Rule 12 (A) defendant

14  Arrieran's answer was due on November 6, 2020.

15     5.      Plaintiff served the summons and complaint on defendant United Clean

16  Trucks, Inc. on November 9, 2020, as evidenced by the proof of service of summons

17  on file with this Court. [Docket No. 16]  Pursuant to the Court's Order of  November

18  19, 2020, United Clean Truck, Inc.'s answer was due on December 10, 2020. [Docket

19  No. 19.]

20     6.      Neither Defendant Francisco Jesus Arrieran nor Defendant United Clean

21  Trucks, Inc. have made an appearance in this action.

22     7.      The default of Defendant Arrieran was entered by the Clerk on

23  December 22, 2020. [Doc. # 29.]

24     8.      The default of Defendant UCT was entered by the Clerk on  December

25  22, 2020. [Doc. # 32.]

26     9.      To the best of my knowledge, neither of the defendants are minors or

27  incompetent persons or in military service or otherwise exempted under the Soldiers'

28

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

14

and Sailors' Civil Relief Act of 1940.

10. Exhibit 1 to this declaration is a true and correct copy of the Case Information and Register of Actions in Los Angeles County Superior Court Case No. 20STCV28278, which I downloaded from the Superior Court's website. http://www.lacourt.org/casesummary/ui/casesummary.aspx?casetype=civil

11.     Exhibit 2 to this declaration is a true and correct copy of the Settlement Agreement in Los Angeles County Superior Court Case No. 20STCV28278. [Doc# 40, p.5]

12.     Exhibit 3 to this declaration is a true and correct copy of the Request for Dismissal in Los Angeles County Superior Court Case No. 20STCV28278, which I downloaded from the Superior Court's website.

http://www.lacourt.org/casesummary/ui/casesummary.aspx?casetype=civil

13.     Exhibit 4 to this declaration is a true and correct copy of the Business Search - Entity Detail for United Clean Trucks, which I down loaded from the website of the California Secretary of State.

http://www.lacourt.org/casesummary/ui/casesummary.aspx?casetype=civil

14.     Notice of this application has been served on defendants Arrieran and UCT  per Local Rule 55(b)(2). [Doc. ## 55, 56]

I declare under penalty of perjury that the foregoing is true and correct.

June 2, 2021                          /s/  Douglas A. Greer

                                          Douglas A. Greer

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

837504.1

(CASE NO.2:20-CV-01419-TLN-DB)

# Exhibit 1



# Exhibit 1

232330.1

# CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 20STCV28278
MICHAEL LE VS ALAIN MONTOYA ARBOLEDA, ET AL.

**Filing Courthouse:** Spring Street Courthouse

**Filing Date:** 07/27/2020
**Case Type:** Motor Vehicle - Personal Injury/Property Damage/Wrongful Death (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

# FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**01/10/2022** at 10:00 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Final Status Conference

**01/24/2022** at 08:30 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Non-Jury Trial

**07/24/2023** at 08:30 AM in Department 29 at 312 North Spring Street, Los Angeles, CA 90012
Order to Show Cause Re: Dismissal

# PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP INC. - Non-Party

A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP INC. - Cross-Complainant

A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP INC. - Defendant in Intervention

ARBOLEDA ALAIN MONTOYA - Defendant

ARBOLEDA ALAIN MONTOYA - Cross-Complainant

BERGSTEN ROBERT TROY ESQ. - Attorney for Defendant

DIRECT CHASSISLIK INC. - Cross-Defendant

LE MICHAEL - Plaintiff

PECORA ROBERT JOSEPH ESQ. - Attorney for Plaintiff

PENNINGTON WALTER ALLEN ESQ. - Attorney for Plaintiff

UNITED CLEAN TRUCKS INC. - Defendant

WEST BASIN CONTAINER TERMINAL - Cross-Defendant

WILLIAMSBURG NATIONAL INSURANCE COMPANY - Non-Party

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)

**01/29/2021** Request for Dismissal
Filed by Michael Le (Plaintiff)

**01/05/2021** Summons (on Complaint)
Filed by Alain Montoya Arboleda (Defendant); A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**01/05/2021** Cross-Complaint
Filed by Alain Montoya Arboleda (Defendant); A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**12/16/2020** Motion to Deem RFA's Admitted
Filed by Michael Le (Plaintiff)

**12/16/2020** Declaration (Declaration of Walt Pennington)
Filed by Michael Le (Plaintiff)

**12/15/2020** Declaration (Declaration of Walt Pennington)
Filed by Michael Le (Plaintiff)

**12/15/2020** Motion to Compel Discovery (not Further Discovery) - 1 moving party, 1 motion
Filed by Michael Le (Plaintiff)

**11/09/2020** Notice of Ruling
Filed by Michael Le (Plaintiff)

**11/06/2020** Certificate of Mailing for ((Hearing on Motion for Judgment on the Pleadings Related to De...) of 11/06/2020)
Filed by Clerk

**11/06/2020** Minute Order ( (Hearing on Motion for Judgment on the Pleadings Related to De...))
Filed by Clerk

**10/30/2020** Declaration (of Walt Pennington)
Filed by Michael Le (Plaintiff)

**10/30/2020** Reply (to Motion for Judgment on the Pleadings)
Filed by Michael Le (Plaintiff)

**10/26/2020** Opposition (to Motion on the Pleadings)
Filed by Alain Montoya Arboleda (Defendant)

**10/26/2020** Answer
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**10/26/2020** Notice of Ruling
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**10/23/2020** Minute Order ( (Hearing on Motion for Leave to Intervene On Behalf of United ...))
Filed by Clerk

**10/16/2020** Reply (to Opposition to Motion to Intervene in Action on Behalf of United Clean Trucks, Inc.)
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Non-Party)

**10/09/2020** Memorandum of Points & Authorities
Filed by Michael Le (Plaintiff)

**10/09/2020** Declaration (of Walt Pennington)
Filed by Michael Le (Plaintiff)

**10/09/2020** Motion for Judgment on the Pleadings (Related to Defendant Arboleda's Affirmative Defenses listed in First Amended Answer)
Filed by Michael Le (Plaintiff)

**10/01/2020** Declaration (of Walt Pennington)
Filed by Michael Le (Plaintiff)

**10/01/2020** Opposition (to Intervenor A-One Commercial Insurance Risk Retention Group, Inc.s Motion To Intervene in Action on Behalf of United Clean Trucks, Inc.)
Filed by Michael Le (Plaintiff)

**09/29/2020** First Amended Answer To Complaint; Request for Jury Trial
Filed by Alain Montoya Arboleda (Defendant)

**09/22/2020** Proof of Personal Service
Filed by Michael Le (Plaintiff)

**09/22/2020** Request for Entry of Default / Judgment
Filed by Michael Le (Plaintiff)

**09/21/2020** Motion for Leave to Intervene (In Action On Behalf of United Clean Trucks, Inc., Filed by Proposed Intervenor A-One Commercial Insurance Risk Retention Group, Inc.)
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Non-Party)

**09/18/2020** Answer
Filed by Alain Montoya Arboleda (Defendant)

**08/10/2020** Certificate of Mailing for ([PI General Order], Standing Order re PI Procedures and Hearing Date)
Filed by Clerk

**08/10/2020** PI General Order
Filed by Clerk

**07/31/2020** Civil Case Cover Sheet
Filed by Michael Le (Plaintiff)

**07/31/2020** Civil Case Cover Sheet
Filed by Michael Le (Plaintiff)

**07/27/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**07/27/2020** Summons (on Complaint)
Filed by Michael Le (Plaintiff)

**07/27/2020** Complaint
Filed by Michael Le (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**03/17/2021** at 11:30 AM in Department 29, Serena R. Murillo, Presiding
Informal Discovery Conference (IDC) - **Not Held - Taken Off Calendar by Party**

**11/06/2020** at 1:30 PM in Department 29, Serena R. Murillo, Presiding
Hearing on Motion for Judgment on the Pleadings (Related to Defendant Arboleda's Affirmative Defenses, Filed by Plaintiff) - **Held**

**10/23/2020** at 08:30 AM in Department 29, Serena R. Murillo, Presiding

Hearing on Motion for Leave to Intervene - **Not Held - Taken Off Calendar by Party**

**10/23/2020** at 08:30 AM in Department 29, Serena R. Murillo, Presiding

Hearing on Motion for Leave to Intervene (On Behalf of United Clean Trucks, Inc. Filed by Proposed Intervenor A-One Commercial Insurance Risk Retention Group, Inc.) - **Held - Motion Granted**

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

**03/17/2021** at 11:30 AM in Department 29, Serena R. Murillo, Presiding

Informal Discovery Conference (IDC) - **Not Held - Taken Off Calendar by Party**

**01/29/2021** Request for Dismissal

Filed by Michael Le (Plaintiff)

**01/05/2021** Cross-Complaint

Filed by Alain Montoya Arboleda (Defendant); A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**01/05/2021** Summons (on Complaint)

Filed by Alain Montoya Arboleda (Defendant); A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**12/16/2020** Declaration (Declaration of Walt Pennington)

Filed by Michael Le (Plaintiff)

**12/16/2020** Motion to Deem RFA's Admitted

Filed by Michael Le (Plaintiff)

**12/15/2020** Motion to Compel Discovery (not Further Discovery) - 1 moving party, 1 motion

Filed by Michael Le (Plaintiff)

**12/15/2020** Declaration (Declaration of Walt Pennington)

Filed by Michael Le (Plaintiff)

**11/09/2020** Notice of Ruling

Filed by Michael Le (Plaintiff)

**11/06/2020** at 1:30 PM in Department 29, Serena R. Murillo, Presiding

Hearing on Motion for Judgment on the Pleadings (Related to Defendant Arboleda's Affirmative Defenses, Filed by Plaintiff) - **Held**

**11/06/2020** Certificate of Mailing for ((Hearing on Motion for Judgment on the Pleadings Related to De...) of 11/06/2020)

Filed by Clerk

**11/06/2020** Minute Order ( (Hearing on Motion for Judgment on the Pleadings Related to De...))

Filed by Clerk

**10/30/2020** Declaration (of Walt Pennington)

Filed by Michael Le (Plaintiff)

**10/30/2020** Reply (to Motion for Judgment on the Pleadings)

Filed by Michael Le (Plaintiff)

**10/26/2020** Answer

Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**10/26/2020** Notice of Ruling
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Defendant in Intervention)

**10/26/2020** Opposition (to Motion on the Pleadings)
Filed by Alain Montoya Arboleda (Defendant)

**10/23/2020** at 08:30 AM in Department 29, Serena R. Murillo, Presiding
Hearing on Motion for Leave to Intervene - **Not Held - Taken Off Calendar by Party**

**10/23/2020** at 08:30 AM in Department 29, Serena R. Murillo, Presiding
Hearing on Motion for Leave to Intervene (On Behalf of United Clean Trucks, Inc. Filed by Proposed Intervenor A-One Commercial Insurance Risk Retention Group, Inc.) - **Held - Motion Granted**

**10/23/2020** Minute Order ( (Hearing on Motion for Leave to Intervene On Behalf of United ...))
Filed by Clerk

**10/16/2020** Reply (to Opposition to Motion to Intervene in Action on Behalf of United Clean Trucks, Inc.)
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Non-Party)

**10/09/2020** Declaration (of Walt Pennington)
Filed by Michael Le (Plaintiff)

**10/09/2020** Memorandum of Points & Authorities
Filed by Michael Le (Plaintiff)

**10/09/2020** Motion for Judgment on the Pleadings (Related to Defendant Arboleda's Affirmative Defenses listed in First Amended Answer)
Filed by Michael Le (Plaintiff)

**10/01/2020** Opposition (to Intervenor A-One Commercial Insurance Risk Retention Group, Inc.s Motion To Intervene in Action on Behalf of United Clean Trucks, Inc.)
Filed by Michael Le (Plaintiff)

**10/01/2020** Declaration (of Walt Pennington)
Filed by Michael Le (Plaintiff)

**09/29/2020** First Amended Answer To Complaint; Request for Jury Trial
Filed by Alain Montoya Arboleda (Defendant)

**09/22/2020** Request for Entry of Default / Judgment
Filed by Michael Le (Plaintiff)

**09/22/2020** Proof of Personal Service
Filed by Michael Le (Plaintiff)

**09/21/2020** Motion for Leave to Intervene (In Action On Behalf of United Clean Trucks, Inc., Filed by Proposed Intervenor A-One Commercial Insurance Risk Retention Group, Inc.)
Filed by A-One Commercial Insurance Risk Retention Group, Inc. (Non-Party)

**09/18/2020** Answer
Filed by Alain Montoya Arboleda (Defendant)

**08/10/2020** Certificate of Mailing for ([PI General Order], Standing Order re PI Procedures and Hearing Date)
Filed by Clerk

**08/10/2020** PI General Order
Filed by Clerk

**07/31/2020** Civil Case Cover Sheet
Filed by Michael Le (Plaintiff)

**07/31/2020** Civil Case Cover Sheet
Filed by Michael Le (Plaintiff)

**07/27/2020** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**07/27/2020** Summons (on Complaint)
Filed by Michael Le (Plaintiff)

**07/27/2020** Complaint
Filed by Michael Le (Plaintiff)

# Exhibit 2



# Exhibit 2

232330.1

## FULL AND FINAL RELEASE OF ALL CLAIMS

For the sole consideration of the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00), which sum shall be provided to the undersigned, MICHAEL LE, within thirty (30) days of the date of execution of this release, the undersigned, MICHAEL LE, forever discharges ALAIN MONTOYA ARBOLEDA, UNITED CLEAN TRUCKS INC, A-ONE COMMERICAL INSURANCE RISK RETENTION GROUP, INC., SOUTHLAND CLAIMS SERVICE, and HOSP, GILBERT & BERGSTEN, a law corporation, ("Releasees"), and their heirs, executors, administrators, agents, employees, insurers, and assigns (and all other persons, firms or corporations liable or who might be claimed to be liable, whose liability is imputed to them as a result of the conduct of the above-mentioned Releasees or whose conduct was at the specific direction of the above-mentioned Releasees), who do not admit any liability to the undersigned but who expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suit of any kind or nature whatsoever, both known or unknown, suspected and unsuspected, that the undersigned may now have or might subsequently accrue to the undersigned, arising out of or connected with, directly or indirectly, an incident which occurred on August 30, 2019, as more fully described in the undersigned's Complaint filed in the Superior Court of the State of California, County of Los Angeles, Central District, as Case No. 20STCV28278, (hereinafter referred to as "Claim").

The undersigned acknowledges that all parties are bearing their own costs and fess incurred herein.

The undersigned acknowledges that facts may be discovered in addition to or different from those now known or believed to be true with respect to the subject matter of this Release, but that it is the undersigned's intention to and it does hereby fully and finally and forever settle and release any and all claims, disputes and differences, known or unknown, suspected and unsuspected, which now exist, may hereafter exist or heretofore have existed with respect to the subject matter of this Release. In furtherance of such intention, the undersigned acknowledges that the Release herein given shall be and remain in effect as a full and complete general release to the matters released herein, notwithstanding the subsequent discovery or existence of any such additional or different facts.

The undersigned hereby declares that the terms of this Release have been completely read and are fully understood and voluntarily accepted for the

purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above-mentioned, and for the express purpose of precluding forever any further or additional claims which formed a basis for the aforesaid legal action.

The undersigned warrants that no promise or inducement has been offered except as herein set forth; that this Release is executed without reliance upon any statement or representation by the person or parties released, or their representatives, concerning the nature and extent of the injuries, damages, or legal liability therefor; that the undersigned is of legal age, legally competent to execute this Release, and accepts full responsibility therefor.

The undersigned further hereby expressly waives any and all rights that may be granted pursuant to Section 1542 of the California Civil Code and acknowledge that said section reads as follows:

> "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the released party."

The undersigned further acknowledges and agrees that this waiver of rights under Section 1542 of the California Civil Code is an essential and material term of this settlement, and without such waiver this settlement agreement would not have been entered into. The undersigned has been advised by its counsel and understands and acknowledges the significance and consequences of this waiver.

The undersigned understands that in reaching this agreement, the parties have considered the interests of Medicare and Medi-Cal in recovering conditional payments made for medical treatment rendered as a result of the Claim. However, this settlement agreement is intended to foreclose responsibility on the part of the "Releasees" for payment of medical expenses or prescription expenses related to the Claim other than the payment made as part of this settlement and release of claims.

The parties agree that the undersigned was not eligible for Medicare or Medi-Cal benefits at the time of the Claim described above, and following such

Claim.   In any event, it is not the intention of the parties to shift the responsibility of conditional payments to Medicare.   In accordance with the Medicare Secondary Payer Act, the parties have the legal responsibility to reimburse any conditional payments made with regard to the Claim.

The undersigned understands that Section 1862(b)(2)(A)(ii) of the Social Security Act precludes Medicare payment for services to the extent that payment has been made or can reasonably be expected to be made promptly under liability insurance. 42 CFR 411.50 defines liability insurance. Anytime a settlement, judgment or award provides funds for past or future medical services, it can reasonably be expected that those funds are available to pay for the services claimed and/or released in the settlement, judgment, or award. Thus, Medicare should be reimbursed for past services and should not be billed for future services until funds from the settlement, judgment or award are exhausted by payments that would otherwise be covered by Medicare. Further, the undersigned understands that Sections 14124.71 et seq. of the California Welfare and Institutions Codes gives to the Department of Health Services the right to recover against any third party and or its insurance carrier for the reasonable value of medical services paid by Medi-Cal.

The undersigned understands that in 2007, The Medicare, Medicaid and SCHIP Extension Act (hereinafter "Act") and Section 14124.71 et. Seq. of the California Welfare and Institutions Code were enacted, in part, to protect Medicare and Medi-Cal when the settlement of a bodily injury claim involved payment for past or future medical services and the injured individual is either a current Medicare and/or Medi-Cal beneficiary or has potential to be entitled to Medicare and/or Medi-Cal benefits within thirty (30) months of the date of settlement. Further, the undersigned understands that the Act requires that such payments be reported within a time established by the Secretary of Health and Human Services.

The undersigned understands that if Medicare is not protected as set forth in the Act, Medicare may cease all benefits otherwise available to the undersigned. The undersigned further understands and agrees that in the event Medicare and/or Medi-Cal seek reimbursement for past or future payments, this Release provides that the undersigned will indemnify the Releasees from all responsibility for the claims of Medicare and/or Medi-Cal.

Therefore, in consideration of the parties' willingness to settle the Claim referenced above, and to induce said settlement, the undersigned makes the following warranties:

- The undersigned is not a Medicare or Medi-Cal beneficiary;
- Neither Medicare nor Medi-Cal have made payments for any medical expense or prescription expense related to the Accident that gives rise to the Claim;
- The undersigned is not currently receiving Social Security Disability Benefits;
- The undersigned has not applied for Social Security Disability Benefits;
- The undersigned has not been denied Social Security Disability Benefits;
- The undersigned is not in End Stage Renal failure;
- The undersigned does not expect to become eligible for Medicare benefits within the next 30 months;
- No liens or claims including but not limited to liens or claims for medical treatment by hospitals, physicians, or medical providers of any kind have been filed for the treatment of injuries sustained in the accident that gave rise to the Claim.

This Release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this Release are contractual.

The undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.

This Release shall inure to the benefit of the undersigned and its heirs, representatives, successors-in-interest and assigns.

The undersigned agrees to satisfy any and all claims or lien which have been made or which may be made in connection with this matter or which relates in any way to the incident which is the subject of this Release. The undersigned further agrees that it shall indemnify, defend, and hold harmless the releasees and their heirs, representatives, successors-in-interest and assigns from any and all such claims or lien, or any claim resulting from such claims or liens, including but not limited to all hospital liens, workers' compensation liens, Medicare, Medicaid, or MediCal liens, Social Security disability liens, health insurance liens, and Federal, State or local government liens.

For your protection, California law requires the following to appear on this form. Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in State prison.

IN WITNESS WHEREOF, I have hereunto set my hand this 13th day of January 2021.

THIS IS A RELEASE.  READ BEFORE SIGNING.

By _Mikehongle_
MICHAEL LE

APPROVED AS TO FORM AND CONTENT
PECORA & CLINE

BY: _____
ROBERT J. PECORA, ESQ.

APPROVED AS TO FORM AND CONTENT
PENNINGTON LAW FIRM

BY: _____
WALT PENNINGTON, ESQ.

Digitally signed by: aba30a73-4dd0-490a-9d35-432cd5a6d427
DN: CN = aba30a73-4dd0-490a-9d35-432cd5a6d427
Date: 2021.01.13 15:12:26 -08'00'

# Exhibit 3



# Exhibit 3

CIV-110

*Electronically Received 01/29/2021 04:40 PM*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **Walt Pennington 214470**<br>**Pennington Law Firm**<br>**3302 30th Street**<br>**San Diego, CA 92104-4535**<br>TELEPHONE NO.: **(619) 940-6157**   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* **wpennington@pennfirm.com**<br>ATTORNEY FOR *(Name):* **Michael Le** | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/29/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ B. Gregg _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: **312 N. Spring Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles, CA 90012**
BRANCH NAME: **Spring Street**

PLAINTIFF/PETITIONER: **Michael Le**

DEFENDANT/RESPONDENT: **Alain Montoya Arboleda, et. al.**

| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>**20STCV28278** |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☒ With prejudice  (2) ☐ Without prejudice
   b. (1) ☐ Complaint  (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):*                on *(date):*
   (4) ☐ Cross-complaint filed by *(name):*                on *(date):*
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other *(specify):** **Complaint as to Defendants Alain Montoya Arboleda and United Clean Trucks, Inc. only**

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: **January 27, 2021**

**Walt Pennington** ................................................... ▶ *(signature)*
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

*Digitally signed by: aba30a73-4dd0-490a-9d35-432cd5a6d427*
*DN: CN = aba30a73-4dd0-490a-9d35-432cd5a6d427*
*Date: 2021.01.29 16:37:23 -08'00'*

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for: **Michael Le**

☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

_____ ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)        (SIGNATURE)

** If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for the cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk)*
4. ☑ Dismissal entered as requested on *(date):* 03/04/2021
5. ☐ Dismissal entered on *(date):*                as to only *(name):*
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☑ Attorney or party without attorney notified on *(date):* 03/04/2021
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy

Date: 03/04/2021                Clerk, by _____ Deputy

Sherri R. Carter, Executive Officer / Clerk of Court
B. Gregg

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | CEB® ceb.com **Essential Forms** | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>*www.courts.ca.gov* |

Le, Michael

# Exhibit 4



# Exhibit 4

232330.1

**Dr. Shirley N. Weber**
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Sunday, May 23, 2021. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C3421151    UNITED CLEAN TRUCKS INC.

| | |
|---|---|
| **Registration Date:** | 10/18/2011 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC STOCK |
| **Status:** | FTB SUSPENDED |
| **Agent for Service of Process:** | JESUS JESUS ARRIERAN |
| | 809 E ANAHEIM ST |
| | WILMINGTON CA 90744 |
| **Entity Address:** | 809 E ANAHEIM ST |
| | WILMINGTON CA 90744 |
| **Entity Mailing Address:** | 809 E ANAHEIM ST |
| | WILMINGTON CA 90744 |

*This entity is not eligible for online records requests. To order a Certificate of Status, please complete and return the* ***Business Entities Records Order Form***

| Document Type ↑↓ | File Date ↓↑ | PDF |
|---|---|---|
| SI-COMPLETE | 05/06/2019 | |
| SI-COMPLETE | 10/20/2014 | |
| REGISTRATION | 10/18/2011 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| **Modify Search** | **New Search** | **Back to Search Results** |
|---|---|---|

## DECLARATION OF WILLIAM H. GRACE, JR.

I, William H. Grace, Jr. declare:

1.     I am President of Southland Claims Services, claims administrators for A-One Commercial Insurance Risk Retention Group, Inc. ("A-One".)  I am authorized to make this Declaration on behalf of A-One and I make this Declaration in support of A-One's Application for Entry of Default Judgment. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.     A-ONE issued Motor Carrier Liability Insurance Coverage policy A-ONE 2019-2295 to United Clean Trucks, Inc. ("UCT") covering the period from April 1, 2019 to April 1, 2020. The policy provides a $1,000,000 per accident limit for A-ONE's liability for 'bodily injury' arising from the use of a 'covered auto', which is limited by the policy symbol 67 to "Specifically Described Auto's".

3.     The A-One policy included a "Scheduled Driver Endorsement" (form A1-AL-001 (11/17)), which provides A-ONE will not cover any loss in excess of the state minimum financial responsibility requirements that involves a driver not identified on the attached Driver Schedule.

4.     On August 30, 2019, Michael Hong Le ("Le") sustained serious injuries to his hand while in the process of assisting Alain Montoya Arboleda ("Arboleda") at the West Basin Container Terminal at the Port of Long Beach.  Our investigation determined that Arboleda was an independent contractor hired by UCT to pick up a load of cargo at the Port.

5.     A-ONE received first notice of the accident involving Le and Arboleda on or about September 6, 2019. A-ONE then repeatedly requested information from UCT, but UCT failed to assist in the investigation and handling of the claim.

6.     On July 27, 2020, Le sued driver Arboleda and UCT in Los Angeles County Superior Court Case No. 20STCV28278, *Le v. Arboleda, et. al.* (the "*Le* action"), alleging negligence, negligence per se, vicarious liability and negligent

1

DECLARATION OF WILLIAM H. GRACE, JR

1   training.

2       7.      A-One agreed to defend Arboleda in the *Le* Action. UCT however, was a

3   suspended corporation and was unable to appear in the action. A-One therefore

4   intervened in the *Le* action to protect its interests with regard to a potential direct

5   action against A-One by Le, following a default judgment against UCT.

6       8.      Our investigation of the incident determined that Arboleda was not

7   operating one of the "Specifically Described Auto's" when the accident occurred.

8   Further, we learned that Arboleda was not one of the drivers identified on the a

9   "Scheduled Driver Endorsement."

10      9.      A-One then filed the present action for declaratory relief seeking

11  declarations limiting its obligation to the indemnification of Le in the amount of

12  $750,000, per the MCS-90 Form, and seeking recoupment of any amounts paid by A-

13  One to settle the *Le* action from UCT and its owner, Francisco Jesus Arrierans.

9       On January 13, 2021, the *Le* action settled. Le released all claims against

15  Arboleda, UCT and A-One in return for payment by A-One in the amount of

16  $750,000, the maximum amount payable under the MCS-90 form which was part of

17  the A-One policy.

18      10.     Exhibit A to this declaration is a true and correct copy of Check No.

19  19284, dated 01/21/2021 and made payable to "Michael Le and his attorney Law

20  Office of Robert J. Pecora" in the amount of  $750,000, by which A-One made the

21  necessary settlement payment to Le.

22      I declare under penalty of perjury under the laws of the United States of

23  America that the foregoing is true and correct. Executed on May 26, 2021, at Garden

24  Grove, California.

25

26                                  William H. Grace, Jr.

27

28

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 524 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

2

# Exhibit A



# Exhibit A

232330.1

Southland Claims Service ITF
A-One Commercial Insurance RRG, Inc.
P.O. Box 958
Garden Grove, CA 92842

P... .c Western Bank
Anaheim, CA
820/1222

**19284**

01/21/2021



**AMOUNT**

PAY   Seven Hundred Fifty Thousand and xx /100 * * * * * * * * * * * * * * * * * * * * * * * *

$ ***750000.00

VC... ...FTER 180 DAYS

TO THE
ORDER OF      Michael Le and his attorney Law Office of Robert J. Pecora

7855 Ivanhoe Ave., Ste. 408
La Jolla, CA 92037

MEMO BI payment

⑈0000019284⑈ ⑈122238200⑈      XXXXXXXXXXXXXX

---

**19284**

**Claim Number**
103.21472.1261.AL
**Claimant Name**
Michael Hong Le (pedestrian)
**Agency Code**
RSS - Road Star Services, Inc.
**Cause of Loss Code**
MISC - MISCELLANEOUS

**Check Amt:** $750,000.0
**Check Date:** 01/21/2021
**Adjuster:** romerod
**Invoice No:**
**Invoice Date:**
**Date Of Loss:** 08/30/2019
**Service Dates:** 01/20/2021      01/20/2021
**Payee Name:** Michael Le and his attorney Law Office of
Robert J. Pecora
7855 Ivanhoe Ave., Ste. 408
La Jolla, CA 92037

**Comment**

BI payment

---

**19284**

**Claim Number**
103.21472.1261.AL
**Claimant Name**
Michael Hong Le (pedestrian)
**Agency Code**
RSS - Road Star Services, Inc.
**Cause of Loss Code**
MISC - MISCELLANEOUS

**Check Amt:** $750,000.0
**Check Date:** 01/21/2021
**Adjuster:** romerod
**Invoice No:**
**Invoice Date:**
**Date Of Loss:** 08/30/2019
**Service Dates:** 01/20/2021      01/20/2021
**Payee Name:** Michael Le and his attorney Law Office of
Robert J. Pecora
7855 Ivanhoe Ave., Ste. 408
La Jolla, CA 92037

**Comment**

BI payment